***IN THE UNITED STATES DISTRICT COURT***
***FOR THE DISTRICT OF RHODE ISLAND***

ADMIRAL PACKAGING, INC.

v.

Civil Action No. CA 07 164 S

MARS PACKAGING CORP.,
WAYNE SUMMERFORD and
EVER BETTER EATING, INC.

***COMPLAINT***

The plaintiff, Admiral Packaging, Inc. ("Admiral"), hereby brings the following as its Complaint against the defendants, Mars Packaging Corp. ("Mars"), Wayne Summerford ("Summerford") and Ever Better Eating, Inc. ("EBE").

***PARTIES, JURISDICTION AND VENUE***

1. Admiral is a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business at 10 Admiral Street, Providence, Rhode Island.

2. Upon information and belief, Mars is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in Pittsfield, New Hampshire.

3. Summerford is an individual, and upon information and belief, is a domiciliary, citizen and resident of the State of New Hampshire.

4. Upon information and belief, EBE is a corporation organized and existing under the laws of the State of New Hampshire, with its principal place of business in Pittsfield, New Hampshire.

5. This Court has jurisdiction over the subject matter of these proceedings by virtue of 28 U.S.C. § 1332 (Diversity of Citizenship), as the action is between citizens of different states, with an amount in controversy in excess of Seventy-Five Thousand Dollars, exclusive of interest and costs.

6. Mars has contacts with this forum sufficient to justify the exercise of this Court's personal jurisdiction over it consistent with the principles of the United States Constitution.

7. Summerford has contacts with this forum sufficient to justify the exercise of this Court's personal jurisdiction over it consistent with the principles of the United States Constitution.

8. EBE has contacts with this forum sufficient to justify the exercise of this Court's personal jurisdiction over it consistent with the principles of the United States Constitution.

9. In addition, this Court has specific jurisdiction over each of the defendants in this Complaint in that the matters raised in this Complaint have sufficient connection with, and arose out of conduct in, Rhode Island.

10. Venue is proper in this forum pursuant to 28 U.S.C. § 1391(a)(2) and/or (a)(3).

***FACTS***

11. Admiral is a leading provider of flexible packaging to the food, consumer products, product sampling and direct marketing industries.

12. Mars is an independent sales representative.

13. Summerford is Mars's principal.

14. EBE is a customer of Mars.

15. As far back as September, 2005, Admiral contracted with Mars to sell Mars converted pouches according to specifications set by Mars.

16. At the request of Mars, Admiral shipped the pouches directly to EBE.

17. In March, 2006, EBE tested the converted pouches as provided by Admiral.

18. After testing by EBE, EBE (through Mars) bought Admiral's converted pouches at a greater volume.

19. In 2006, EBE made the decision to purchase rollstock from Mars, and convert the rollstock to pouches on its own.

20. Admiral first sold an OPP-EVOH rollstock for testing by EBE, and it was determined that the OPP-EVOH rollstock was incompatible with EBE's new pouch equipment.

21. Admiral then sent test material of PET-EVOH rollstock for approval. When it was approved, Admiral sold PET-EVOH rollstock to Mars and shipped it to EBE.

22. Admiral produced the entire quantity of PET-EVOH rollstock requested by Mars, but Mars directed Admiral to hold quantities of this product until further notice (the "Bill and Hold Rollstock").

23. Mars provided relatively few examples of the allegedly deficient pouches converted by EBE from Admiral rollstock to Admiral for evaluation, but from what samples EBE did provide, Admiral's independent testing determined that the rollstock converted into pouches by EBE appeared to be mishandled or misused by EBE.

24. In November, 2006, because Mars continued to request shipment to EBE of converted pouches and rollstock in advance of payment, Summerford executed a personal guarantee of Mars's debts to Admiral.

25. In December, 2006, Mars complained to Admiral about perceived defects with Admiral's PET-EVOH rollstock that EBE had converted into pouches on its own.

26. Mars then requested Admiral produce a trial of Nylon-PET-EVOH rollstock, to be applied over EBE's finished product until such time as a new rollstock could be provided.

27. Mars approved the Nylon-PET-EVOH rollstock based on this trial. Mars submitted purchase orders, and Admiral produced the Nylon-PET-EVOH as instructed by Mars.

28. Ultimately, Admiral sold to Mars and delivered to EBE a Nylon-EVOH rollstock, which rollstock was used by EBE without incident.

29. At no time has Mars, Summerford or EBE complained about any perceived deficiencies with the revised structure of Nylon – Evoh rollstock.

30. Although Mars has requested a credit for allegedly deficient rollstock, it is unable to produce to Admiral an adequate supply of defective unconverted rollstock for sampling or testing.

31. Notwithstanding the foregoing, Mars has refused to pay Admiral the balance Mars owes to Admiral as a result of Admiral's delivery of converted pouches and rollstock to Mars's customer, EBE.

## *CLAIMS*

### *Count I – Breach of Contract (Mars)*

32. Admiral restates and incorporates by this reference the allegations raised in Paragraphs 1 through 31 of this Complaint, inclusive, as if the same were more fully set forth herein.

33. Admiral and Mars had a valid and existing contract.

34. Under this contract, Mars agreed to buy, and Admiral agreed to sell, converted pouches.

35. Admiral has performed under the terms of the contract between it and Mars.

36. Mars has breached its obligations under the contract.

37. As a result of Mars's breach, Admiral has suffered damages in that Mars has failed to pay the sum of $93,402.35 for the Nylon-EVOH rollstock, as to which there has been no allegation of any defect.

38. As a result of Mars's breach, Admiral has suffered damages in that Mars has failed to pay the sum of $22,925 for the Nylon-EVOH rollstock for which Mars has submitted a firm purchase order, but has not yet requested for delivery.

39. As a result of Mars's breach, Admiral has suffered damages in that Mars has failed to pay the sum of $15,216.17 for the Nylon PET-EVOH delivered to EBE for which Mars has not yet paid.

40. As a result of Mars's breach, Admiral has suffered damages in that Mars has failed to pay the additional sum of $44,138.34 for the Bill and Hold Rollstock.

***Count II – Breach of Contract (Summerford)***

41. Admiral restates and incorporates by this reference the allegations raised in Paragraphs 1 through 40 of this Complaint, inclusive, as if the same were more fully set forth herein.

42. In consideration for the extension of credit by Admiral to Mars, Summerford guaranteed Mars's payment of its account with Admiral.

43. Summerford has failed to honor his obligation under his guarantee.

44. As a result of Summerford's breach, Admiral has suffered damages in that Summerford has failed to pay the sum of $93,402.35 for the Nylon-EVOH rollstock, as to which there has been no allegation of any defect.

45. As a result of Summerford's breach, Admiral has suffered damages in that Summerford has failed to pay the sum of $22,925 for the Nylon-EVOH rollstock for which Mars has submitted a firm purchase order, but has not yet requested for delivery.

46. As a result of Summerford's breach, Admiral has suffered damages in that Summerford has failed to pay the sum of $15,216.17 for the Nylon PET-EVOH delivered to EBE for which Mars has not yet paid.

47. As a result of Summerford's breach, Admiral has suffered damages in that Summerford has failed to pay the additional sum of $44,138.34 for the Bill and Hold Rollstock.

***Count III – Unjust Enrichment (EBE)***

48. Admiral restates and incorporates by this reference the allegations raised in Paragraphs 1 through 47 of this Complaint, inclusive, as if the same were more fully set forth herein.

49. Admiral has no direct contract with EBE.

50. EBE has received a benefit from Admiral by receiving and using Admiral's converted pouches and rollstock.

51. EBE has not paid either Mars or Admiral for the converted pouches and rollstock.

52. As a matter of justice and equity, EBE remains unjustly enriched by its receipt and use of the converted pouches and rollstock.

53. As a result of EBE's unjust enrichment, Admiral has been damaged.

***Count IV – Quantum Meruit (EBE)***

54. Admiral restates and incorporates by this reference the allegations raised in Paragraphs 1 through 53 of this Complaint, inclusive, as if the same were more fully set forth herein.

55. Admiral has no direct contract with EBE.

56. At the request of Mars, Admiral converted the pouches and shipped the rollstock for the benefit of EBE.

57. EBE, Mars and Summerford have failed to pay for the converted pouches and rollstock.

58. The conversion of the pouches, and the delivery of rollstock to EBE came at a cost to Admiral.

59. As a matter of justice and equity, EBE must pay Admiral the fair value of the converted pouches and rollstock.

WHEREFORE, for the reasons set forth herein, Admiral respectfully requests that this Honorable Court enter judgment in its favor, and against Mars, Summerford and/or EBE, as appropriate, and enter an order awarding Admiral the following:

a. an award of compensatory damages;

b. an award of its attorneys' fees, pursuant to R.I. GEN. LAWS § 9-1-45;

c. an award of its costs;

d. an award of interest on all such sums awarded; and

e. such other and further relief as the Court may deem appropriate.

ADMIRAL PACKAGING, INC.
By its attorneys,

Robert D. Fine (2447)
Douglas J. Emanuel (5176)
CHACE RUTTENBERG & FREEDMAN, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel.: (401) 453-6400
Fax: (401) 453-6411
Email: demanuel@crfllp.com

Dated: May 9, 2007