UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * | | |
| Admiral Packaging, Inc. Plaintiff | * * | |
| | * | |
| v. | * | Case No. 1:06-cv-00366-JD |
| | * | |
| Mars Packaging Corp., Wayne Summerford and Ever Better Eating, Inc. Defendants | * * * * | |
| * * * * * * * * * * * * * * * * * * * * * * | | |

**MARS PACKAGING'S AND WAYNE SUMMERFORD'S ANSWER, AFFIRMATIVE DEFENSES, CROSS-CLAIMS AND DEMAND FOR JURY TRIAL**

Defendants Mars Packaging Corp. and Wayne Summerford, by and through their counsel, Houlihan, Managhan & Kyle, LLP, submit the following Answer, Affirmative Defenses, Cross-claims and Demand for Jury Trial:

***PARTIES, JURISDICTION AND VENUE***

1. Mars Packaging Corp. ("Mars") and Mr. Summerford lack sufficient to admit or deny the allegations alleged in paragraph 1 and, therefore, deny them.

2. Admitted.

3. Admitted.

4. Mars and Mr. Summerford lack sufficient information to admit or deny the allegations alleged in paragraph 4 and, therefore, deny them.

5. Paragraph 5 states a legal conclusion to which no response is required.

6. Paragraph 6 states a legal conclusion to which no response is required.

7. Paragraph 7 states a legal conclusion to which no response is required.

8. Paragraph 8 states a legal conclusion to which no response is required.

9. Paragraph 9 states a legal conclusion to which no response is required.

10. Paragraph 10 states a legal conclusion to which no response is required.

***FACTS***

11. Mars and Mr. Summerford lack sufficient information to admit or deny the allegations alleged in paragraph 11 and, therefore, deny them.

12. Since the phrase "independent sales representative" is undefined, Mars and Mr. Summerford lack sufficient information to admit or deny the allegations alleged in paragraph 12 and, therefore, deny them.

13. Denied. Mr. Summerford is Mars's Treasurer, not its principal.

14. Admitted.

15. Admitted.

16. Mars and Mr. Summerford admit that Admiral has shipped pouches directly to EBE. However, since paragraph 16 contains no time period, Mars and Mr. Summerford lack sufficient information to admit or deny the remaining allegations alleged in paragraph 16 and, therefore, deny them.

17. Mars and Mr. Summerford lack sufficient information to admit or deny the allegations alleged in paragraph 17 and, therefore, deny them.

18. Denied.

19. Mars and Mr. Summerford lack sufficient information to admit or deny the allegations alleged in paragraph 19 and, therefore, deny them.

20. To the extent that paragraph 20 alleges that Admiral "first sold an OPP-EVOH rollstock for testing by EBE," the allegation is denied. To the extent that

paragraph 20 alleges that the OPP-EVOH rollstock did not work for the intended application, the allegation is admitted.

21. Admitted.

22. Admitted, although for the sake of completeness, Mars and Mr. Summerford add that Admiral was directed to hold quantities of the product because problems emerged with the product's performance.

23. To the extent that paragraph 23 alleges that Mars provided "relatively few examples of the allegedly deficient pouches[,]" Mars and Mr. Summerford admit that sufficient samples were provided to Admiral to demonstrate defects including: gels in the EVOH layer of film, delamination of the two layers, pin holes in the product, black specks in the PET layer and bugs in the lamination.

24. Mars and Mr. Summerford admit that he executed a personal guarantee for Mars's debt in December 2006.

25. Mars and Mr. Summerford admit that Mars notified Admiral of defects in its product in November 2006.

26. Admitted.

27. Admitted.

28. To the extent that paragraph 28 alleges that the Nylon-EVOH "was used by EBE without incident[,]" the allegations in paragraph 28 are denied. The remaining allegations in paragraph 28 are admitted.

29. Denied.

30. Denied.

31. To the extent that paragraph 31 alleges that Mars has “refused to pay Admiral” a balance due for Admiral’s product, Mars and Mr. Summerford deny that any balance is due to Admiral because the product was defective.

***CLAIMS***

***Count I – Breach of Contract (Mars)***

32. Paragraph 32 merely restates and incorporates the allegations set forth in the preceding paragraphs of the Complaint and, therefore, no response is required.

33. Admitted.

34. Mars and Mr. Summerford admit that at some point in time their contract involved converted pouches. However, since paragraph 34 contains no time period, Mars and Mr. Summerford lack sufficient information to admit or deny the remaining allegations alleged in paragraph 34 and, therefore, deny them.

35 - 40. Denied.

***Count II – Breach of Contract (Summerford)***

41. Paragraph 41 merely restates and incorporates the allegations set forth in the preceding paragraphs of the Complaint and, therefore, no response is required.

42. Admitted.

43. Denied.

44 – 47. Denied.

***Count III – Unjust Enrichment (EBE)***

48. Paragraph 48 merely restates and incorporates the allegations set forth in the preceding paragraphs of the Complaint and, therefore, no response is required.

49 - 53. Paragraphs 48 – 53 do not contain allegation of conduct on behalf of Mars or Mr. Summerford and, therefore, no response is required to any allegation.

***Count IV – Quantum Meruit (EBE)***

54. Paragraph 54 merely restates and incorporates the allegations set forth in the preceding paragraphs of the Complaint and, therefore, no response is required.

55 - 59. Paragraphs 55 – 59 do not contain allegations of conduct on behalf of Mars or Mr. Summerford and, therefore, no response is required to any allegation.

**AFFIRMATIVE DEFENSES**

60. Mars and Mr. Summerford assert the affirmative defense of failure to state a claim upon which relief may be granted.

61. Plaintiffs are barred from recovery on any breach of a contract or agreement occasioned by Mars and Mr. Summerford because Plaintiffs also breached the agreement or contract.

62. Mars and Mr. Summerford assert the affirmative defense of waiver.

63. Mars and Mr. Summerford assert the affirmative defense of estoppel.

64. Mars and Mr. Summerford assert the affirmative defense of unclean hands.

65. Mars and Mr. Summerford reserve the right to amend this answer to modify their responses and add affirmative defenses if warranted by additional investigation and discovery in this matter.

***CROSS-CLAIMS AGAINST EVER BETTER EATING, INC.***

***COUNT I***
***BREACH OF CONTRACT***

66. Mars and Mr. Summerford reassert the facts admitted or asserted as stated in paragraphs 1 – 65 above.

67. Mars and Ever Better Eating, Inc. ("EBE") had a valid and existing contract pursuant to which Mars purchased and shipped to EBE, or purchased and arranged for Admiral to ship directly to EBE, Admiral's packaging for EBE's food products. EBE has breached its contract with Mars by failing to pay for the packaging.

68. Mars has been damaged by EBE's breach of contract in the amount of its unpaid invoices to EBE, which total in excess of $130,000.

***COUNT II***
***UNJUST ENRICHMENT***

69. Mars and Mr. Summerford reassert the facts admitted or asserted as stated in paragraphs 1 – 68 above.

70. EBE has received a benefit from Mars's conduct through its receipt of Admiral's packaging. While Mars has expended funds or incurred obligations on behalf of EBE, EBE has not paid Mars for the value of that conduct.

71. EBE has been unjustly enriched by Mars's conduct on EBE's behalf, and Mars is entitled to recover the value of that conduct.

***COUNT III***
***QUANTUM MERUIT***

72. Mars and Mr. Summerford reassert the facts admitted or asserted as stated in paragraphs 1 – 71 above.

73. EBE has received a benefit from Mars's conduct through its receipt of Admiral's packaging. While Mars has expended funds or incurred obligations on behalf of EBE, EBE has not paid Mars for the value of that conduct.

74. EBE has benefited from Mars's conduct on EBE's behalf, and Mars is entitled to recover the value of that conduct pursuant to the equitable doctrine of quantum meruit.

## ***DEMAND FOR JURY TRIAL***

75. Mars and Mr. Summerford assert their right to a jury trial on all counts alleged by Admiral, and Mars's and Mr. Summerford's cross-claims.

WHEREFORE, Defendants Mars and Mr. Summerford respectfully request that the Honorable Court:

A. Dismiss Admiral's claims against them; or, alternatively,

B. Award Mars and Mr. Summerford damages, including the cost of investigation, attorneys' fees and costs, for Ever Better Eating, Inc.'s breach of its contract with Mars; and

C. Grant such further relief as justice requires.

MARS PACKAGING CORP and WAYNE SUMMERFORD
By and through their attorneys,

HOULIHAN, MANAGHAN & KYLE, LLP

By: /s/ Keith B. Kyle

Keith B. Kyle, Esq. #3876
Two Marlborough Street
Newport, RI 02840
(401) 846-7777
(401) 848-7141 *facsimile*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed this document with the court via the ECF system and thereby completed service.

/s/ Keith B. Kyle, Esq. #3876

Dated: June 25, 2007