UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ADMIRAL PACKAGING, INC. | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 07-164S |
| MARS PACKAGING CORP., | * | |
| WAYNE SUMMERFORD and | * | |
| EVER BETTER EATING, INC. | * | |
| | * | |
| Defendants | * | |

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EVER BETTER EATING, INC.'S MOTION TO DISMISS</u>**

## STATEMENT OF THE CASE

This is a suit for damages, attorney's fees, costs and interest brought by a Rhode Island packaging manufacturer, Admiral Packaging, Inc. (hereinafter "Admiral") asserting, *inter alia*, Unjust Enrichment and Quantum Meruit claims against Defendant Ever Better Eating, Inc. (hereinafter "Ever Better"), a New Hampshire food manufacturer. Plaintiff elected to file this action in Rhode Island and alleges that this Court has both general and specific *in personam* jurisdiction over Ever Better. Defendant Ever Better contends that it is not subject to general or specific jurisdiction in Rhode Island and that Rhode Island is an improper venue.

## JURISDICTIONAL FACTS

The Defendant Ever Better is a New Hampshire corporation that manufactures prepared flour mixes and doughs. Affidavit of Bradford S. Sterl, Jr. In Support of Ever

Better Eating's Motion to Dismiss (hereinafter "Affidavit") at ¶2. Its sole place of business is located in Pittsfield, New Hampshire. Id. at ¶3. Ever Better has no employees, telephone numbers, offices, or assets in Rhode Island. Id. at ¶ 4. All Ever Better products, with the exception of some products that are manufactured in Italy, are manufactured, assembled, packaged, and shipped from New Hampshire. Id. at ¶ 7. The products are sold by independent distributors, but none of those distributors are located in Rhode Island. Id. at ¶ 5. Ever Better has never targeted Rhode Island residents. Id. at ¶ 6.

The goods that are the subject of this action were not received by Ever Better pursuant to any agreement between Ever Better and Admiral Packaging, Inc. (hereinafter "Admiral"), but rather pursuant to an agreement Ever Better entered into with Mars Packaging Group (hereinafter "Mars"). Id. at ¶ 8, 10. Upon information and belief, Mars is a New Hampshire Corporation with its sole place of business in New Hampshire. Id. at ¶ 11. With the exception of one or two contacts with Admiral in Rhode Island to review the product prior to manufacturing, the only contact Ever Better had with Admiral was to discuss the defects in the products that Ever Better had received from Admiral pursuant to Ever Better's agreement with Mars. Id. at ¶ 9. In short, Ever Better entered into an agreement with a New Hampshire corporation to receive goods at Ever Better's New Hampshire location.

## II. ARGUMENT

### (a) Rhode Island does not have *in personam* jurisdiction over Ever Better Eating, Inc.

Plaintiff bears the burden of establishing *in personam* jurisdiction. Union Wadding Co. v. White Swan, Ltd., 866 F. Supp. 71, 73 (D.R.I. 1994) (citation omitted).

To satisfy that burden, the plaintiff must show that the Rhode Island long-arm statute grants jurisdiction over the defendant and that the requirements of due process are satisfied. Brian Jackson & Co. v. Eximias Pharmaceutical Corp. f/k/a Zarix, Inc., 248 F. Supp. 2d 31, 34 (D.R.I. 2003). The Rhode Island long-arm statute limits jurisdiction only to the extent necessary in order to comply with the United States Constitution. R.I. Gen. Laws § 9-5-33. Thus, this Court must determine whether personal jurisdiction in this case would meet the requirements of due process.

The inquiry for determining whether the due process clause permits personal jurisdiction over an alien defendant is whether the defendant maintains "minimum contacts" with Rhode Island. Central Tools, Inc. v. Chicago Brand Industrial, Inc., 2004 U.S. Dist. LEXIS 27062, *5 (D.R.I., April 28, 2004). In analyzing whether a defendant has sufficient "minimum contacts" so as to subject it to personal jurisdiction, the United States Supreme Court has recognized two types of personal jurisdiction: general and specific. See Helicopteros Nationales de Columbia, S.A. v. Hall, 466 U.S. 408 (1984). Neither is applicable in the present case.

**(i) Ever Better Eating, Inc. is Not Subject to General Jurisdiction in Rhode Island Because it Has Not Had Continuous and Systematic Contact with the State of Rhode Island**

General jurisdiction requires "continuous and systematic" contact with the forum state "sufficient to justify requiring [the defendant] to answer there to a claim unrelated to its in-forum presence." Union Wadding, 866 F. Supp. at 75 (quoting Sandstrom v. Chemlawn, Corp., 904 F.2d 83, 88 (1st Cir. 1990)). The "continuous and systematic" requirement is typically satisfied when the defendant's contacts in the forum state are "extensive and pervasive." Dickson v. State of Connecticut, 2006 U.S. Dist. LEXIS

7760, *15 (D.R.I. January 12, 2006) (quoting Barry v. Mortgage Servicing Acquisition Corp., 909 F.Supp. 65, 75 (D.R.I. 1995)). Ever Better has no such contacts with Rhode Island. Ever Better is a New Hampshire corporation with no property or personnel in Rhode Island. Affidavit at ¶ 2, 4. It maintains no direct contact with any distributor, sales representative, or customer in Rhode Island. Affidavit at ¶ 4, 5, 6. It has no employees, telephone numbers, offices, or assets in Rhode Island. Affidavit at ¶ 4. All of its products, except for some that are manufactured in Italy, are manufactured, assembled, packaged, and shipped from New Hampshire. Affidavit at ¶ 7. In short, Ever Better has not had continuous and systematic contact with Rhode Island and is, therefore, not subject to general jurisdiction in Rhode Island.

**(ii) Ever Better Eating, Inc. is Not Subject to Specific Jurisdiction in Rhode Island Because Its Contacts Do Not Satisfy the First Circuit's Three-Part Test**

To establish specific jurisdiction, the plaintiff must show that the defendant maintains sufficient "minimum contacts" with the forum state to satisfy due process. Sawtelle v. Farrell, 70 F.3d 1381, 1388-89 (1st Cir. 1995) (citations omitted). The First Circuit utilizes a three-part test to aid in this highly fact-specific inquiry:

> "First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable."

Id.

**a. Specific Jurisdiction is Not Appropriate Because the Relatedness Requirement is Not Met**

There is an insufficient nexus between the claim underlying the litigation and the defendant's activities in the forum state to satisfy the first prong of the tripartite inquiry. Ever Better's limited contacts with Admiral (Affidavit at ¶ 9), do not meet the relatedness test because the plaintiff's causes of action do not arise out of those contacts. The plaintiff's unjust enrichment claim against Ever Better arises out of Ever Better's receipt of the packaging manufactured by Admiral and Ever Better's refusal to pay Mars under its agreement. See Plaintiff's Complaint at ¶ 50, 51. The plaintiff's quantum meruit claim against Ever Better arises out of the belief that Ever Better was the intended beneficiary of actions taken by Admiral. Id. at ¶ 56, 57. Ever Better, however, received the packaging material in New Hampshire and allegedly refused to pay Mars, another New Hampshire company. Id. "The relatedness requirement is not met merely because a plaintiff's cause of action arose out of the general relationship between the parties; rather the action must directly arise out of the specific contacts between the defendant and the forum state." Sawtelle, 70 F.3d at 1389. Because none of the facts giving rise to the plaintiff's causes of action against Ever Better—unjust enrichment and quantum meruit—occurred in Rhode Island, the relatedness requirement is not met.

**b. Specific Jurisdiction is Not Appropriate Because Ever Better's Contacts Do Not Constitute Purposeful Availment**

The second prong of the First Circuit's test, the requirement of "purposeful availment" is likewise not met. The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts,…or of the 'unilateral activity of another party or a third person.' Id. at *5-6 (quoting Burger King v. Rudzewicz, 471 U.S. 462, 475 (1985) (citations omitted). "The kind of purposeful availment necessary in the First

Circuit requires in-state conduct by the defendant which is both voluntary and which makes it reasonably foreseeable that the defendant might be sued in the forum." Dickson, 2006 U.S. Dist. LEXIS 7760 at*20 (citation omitted). The requirement "necessitates a voluntary decision by the defendant to inject itself into the local economy as a market participant." Brian Jackson, 248 F.Supp at 35-36.

Ever Better did not "inject" itself into the local economy. It did not make any decision, voluntary or otherwise, to participate in the Rhode Island marketplace. Ever Better did not contract with Admiral for the product it received. Complaint at ¶ 49. It simply received goods produced in Rhode Island pursuant to an agreement with Mars, another New Hampshire corporation, to procure packaging for goods Ever Better produces in New Hampshire. Affidavit at ¶ 7, 9, 10. The fact that Mars, another party to this lawsuit, acquired the packaging from a Rhode Island company does not establish the purposeful availment required by the due process clause.

Moreover, receipt of the product from a Rhode Island company pursuant to an agreement it had with a fellow New Hampshire company falls well short of the contact needed to establish purposeful availment. In Central Tools, Inc. v. Chicago Brand Industrial, Inc., this Court found that shipment of a product by a foreign defendant to Rhode Island pursuant to an agreement with another foreign company was insufficient to satisfy the second prong of the test for specific jurisdiction. See Central Tools, 2004 U.S. Dist. LEXIS 27062 (D.R.I. April 28, 2004). Here, the contact was even less purposeful as the defendant did not ship anything. It simply received a product from Rhode Island. Plaintiff's Complaint at ¶ 50. Thus, purposeful availment is not present here.

**c. Specific Jurisdiction is Not Appropriate Because the Gestalt Factors Weigh in Favor of Refusing Jurisdiction**

The First Circuit has acknowledged that the third prong of the test need not be reached if the plaintiff has failed to fulfill the first two prongs of the test for specific jurisdiction. Sawtelle, 70 F.3d at 1394. Since, as argued above, the plaintiff has failed to meet its burden, the Court need not inquire further.

Even if the Court concludes that the plaintiff has met its burden, "[t]he weaker the plaintiff's showings on the first two prongs (relateness and purposeful availment), the less a defendant need show in terms of reasonableness to defeat jurisdiction," (Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201 (1st Cir. 1994)). Given the weakness of the plaintiff's showing, application of the Gestalt factors tips the scales in favor of Ever Better's position that jurisdiction in Rhode Island is improper. Those factors are: "(1) the defendant's burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies." Sawtelle, 70 F.3d at 1389.

Plaintiff is essentially asking the Court to direct Ever Better, a New Hampshire corporation, to pay it under an obligation owed to Mars, a New Hampshire corporation, for goods received in New Hampshire pursuant to an agreement reached in New Hampshire. Simply stated, under these facts, the Gestalt factors favor dismissal for lack of jurisdiction.

In conclusion, Ever Better's contacts with Rhode Island are not sufficiently continuous and systematic to confer general jurisdiction and its contacts are not adequate to satisfy the three-part test employed by the First Circuit to establish specific

jurisdiction. Accordingly, Rhode Island is an inappropriate forum for this dispute and the Court should dismiss the action for lack of jurisdiction over the person pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

**(b) Rhode Island is an improper venue**

Neither statute plaintiff cites to in its complaint, 28 U.S.C § 1391(a)(2) nor (a)(3), permits venue in Rhode Island. 28 U.S.C. § 1391 (a)(2) permits a plaintiff to bring a civil action "wherein jurisdiction is founded only on diversity of citizenship" in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Plaintiff's unjust enrichment claim against Ever Better relies on the alleged "receipt of a benefit from Admiral by receiving and using Admiral's converted pouches and rollstock" and Ever Better's alleged failure to pay either Mars or Admiral. Plaintiff's Complaint at ¶ 50, 51. Likewise, the plaintiff's quantum meruit claim is predicated upon the belief that Ever Better was the intended beneficiary of actions taken by Admiral. Plaintiff's Complaint at ¶ 56-58. Plaintiff alleges that Ever Better received the goods in New Hampshire, used them in New Hampshire, and refused to pay Mars, a New Hampshire corporation. Complaint at ¶ 51. None of the events or omissions giving rise to the claims against Ever Better occurred in Rhode Island. Furthermore, the plaintiff alleges that the property that is the subject of the claims against Ever Better was sent to Ever Better in New Hampshire. Complaint at ¶ 50, 56. Therefore, Rhode Island is an improper venue under 28 U.S.C. § 1391 (a)(2).

Second, 28 U.S.C. § 1391(a)(3) provides that a diversity action may be brought in "a judicial district in which any defendant is subject to personal jurisdiction at the time

the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a)(3). Whether or not Ever Better is subject to personal jurisdiction, the action may otherwise have been brought in the District of New Hampshire. Under 28 U.S.C. §1391(a)(1), the Plaintiff could have brought the action in "a judicial district where any defendant resides, if all defendants reside in the same State." Both defendants "reside" in New Hampshire. Because the action could have been brought in the United States District Court for the District of New Hampshire, §1391(a)(3) does not permit venue in this forum. Therefore, venue is improper under both §1391(a)(2) and (3) and the Court should dismiss this action for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

WHEREFORE, for the above-stated reasons, Defendant Ever Better Eating, Inc. respectfully request that this Court:

A. Dismiss the above-captioned case as against Ever Better Eating, Inc.; and

B. Grant such other relief as equity and justice may require.

Respectfully submitted,

EVER BETTER EATING, INC.

By Its Attorneys
GALLAGHER, CALLAHAN & GARTRELL
Professional Corporation

Dated: June 29, 2007

By: ___/s/ David A. Garfunkel____
David A. Garfunkel, Esq. (N.H. #900)
P.O. Box 1415
Concord, NH 03302-1415
(603) 228-1181

MILLER, SCOTT & HOLBROOK

Dated: June 29, 2007

By: __/s/ Francis S. Holbrook II__
Francis S. Holbrook II, Esq. (#3412)
Miller, Scott & Holbrook
122 Touro Street
Newport, R.I. 02840
401-847-7500
Local Counsel

CERTIFICATE OF SERVICE

I hereby certify that the within document has been electronically filed with the court on the 29th day of June, 2007 and is available for viewing and downloading on the ECF system.

___/s/ David A. Garfunkel____
David A. Garfunkel, Esq.