***UNITED STATES DISTRICT COURT***
***FOR THE DISTRICT OF RHODE ISLAND***

ADMIRAL PACKAGING, INC.

v. Civil Action No. 07-164-S

MARS PACKAGING CORP.,
WAYNE SUMMERFORD and
EVER BETTER EATING, INC.

***MOTION FOR LEAVE TO TAKE DEPOSITION***
***AS TO JURISDICTIONAL FACTS ONLY***
***(ASSENTED TO BY ALL PARTIES)***

The plaintiff, Admiral Packaging, Inc. ("Admiral Packaging"), hereby respectfully moves this Court for an Order permitting it to take the deposition of the defendant, Ever Better Eating, Inc. ("EBE"), by and through its President, Bradford S. Sterl, Jr., limited to jurisdictional facts raised by EBE's motion to dismiss this case for lack of personal jurisdiction.

All parties have assented to the granting of this motion.

In support of this motion, Admiral Packaging relies on the accompanying memorandum of law.

ADMIRAL PACKAGING, INC.
By its attorneys,

s/ Robert D. Fine
s/ Douglas J. Emanuel

Robert D. Fine (2447)
Douglas J. Emanuel (5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel: (401) 453-6400
Fax: (401) 453-6411
Email: demanuel@crfllp.com

Dated: July 12, 2007

## *RULE 7.1(A)(2) CERTIFICATE*

Counsel signing below hereby certifies that we have contacted counsel for the defendant and have attempted in good faith to resolve the issues contained in this motion, and all parties have assented to its being granted.

s/ Douglas J. Emanuel

## *CERTIFICATE OF SERVICE*

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 12, 2007.

/s/ Douglas J. Emanuel

***UNITED STATES DISTRICT COURT***
***FOR THE DISTRICT OF RHODE ISLAND***

ADMIRAL PACKAGING, INC.

v. Civil Action No. 07-164-S

MARS PACKAGING CORP.,
WAYNE SUMMERFORD and
EVER BETTER EATING, INC.

***MEMORANDUN IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO TAKE DEPOSITION AS TO JURISDICTIONAL FACTS ONLY (ASSENTED TO BY ALL PARTIES)***

The internet website of defendant, Ever Better Eating, Inc. ("EBE"), proudly trumpets no less than *twenty* locations at which EBE's products can be sold in Rhode Island. The plaintiff, Admiral Packaging, Inc. ("Admiral Packaging"), believes that in making those products available at these twenty locations in Rhode Island, EBE is using film made by Admiral Packaging in Rhode Island (or pouches converted from film in Rhode Island) and delivered directly to EBE by Admiral Packaging. EBE, however, has refused to pay for the pouches and the film, alleging that the production in Rhode Island was defective.

Notwithstanding the availability of EBE products in these twenty Rhode Island locations,[1] EBE has moved the Court for an order dismissing it from these proceedings on the grounds that this Court lacks personal jurisdiction over it.

In response, Admiral Packaging has moved this Court for an Order permitting it to take EBE's deposition, by and through its President, Bradford S. Sterl, Jr., related only to jurisdictional facts raised by EBE's motion to dismiss this case for lack of personal jurisdiction.

[1] Upon information and belief (to be confirmed at the requested deposition), materials made by Admiral Packaging in Rhode Island have been incorporated into EBE's products on sale in Rhode Island.

## *I. Nature of the Case*

Admiral Packaging is a leading provider of flexible packaging to the food, consumer products, product sampling and direct marketing industries.

Admiral Packaging sold converted pouches and later rollstock to defendant Mars Packaging, Inc. for use by Mars's customer, EBE. At Mars's direction, Admiral Packaging delivered the pouches and rollstock directly to EBE.

Mars did not pay Admiral in full, and in fact has an outstanding balance in excess of One Hundred Seventy Thousand Dollars ($170,000). Mars's balance to Admiral Packaging is guaranteed by defendant Wayne Summerford, Mars's treasurer.

Mars contends that its failure, and Summerford's failure, to pay Admiral Packaging is because EBE has not paid Mars. Prior to the onset of litigation, EBE contended that the pouches converted in Rhode Island, and the rollstock made in Rhode Island, were defective, and therefore withheld payment.

This suit was thus instituted by Admiral Packaging to obtain damages from Mars, Summerford and EBE, as contract and equitable principles allow.

## *II. Procedural Status*

Admiral Packaging filed its Complaint in this case on May 9, 2007. On June 28, 2007, Mars and Summerford filed their collective Answer to the Complaint and cross-claim against EBE. On June 29, 2007, EBE filed its Rule 12(b)(2) Motion to Dismiss, presently pending before the Court.

## *III. Argument*

EBE has argued to this Court that its contacts with Rhode Island are insufficient to allow this Court to exercise jurisdiction over it. *Memorandum of Law in Support of Defendant Ever Better Eating, Inc.'s Motion to Dismss ("EBE Memo")*, at 1.

Admiral Packaging respectfully disagrees, and believes that EBE's contacts with Rhode Island are more substantial than that described in the Affidavit of Bradford S. Sterl, Jr., which affidavit EBE submitted in support of its motion. The only way to substantiate Admiral Pakaging's belief, however, is by its discovering facts that may bear upon the Court's consideration of EBE's argument and Admiral Packaging's objection.[2]

The First Circuit agrees that this is the appropriate course of action. *Surpitski v. Hughes-Keenan Corp.,* 362 F.2d 254 (1st Cir. 1966) (reversing dismissal of case on lack of personal jurisdiction where trial court had failed to allow plaintiff to take discovery into jurisdictional facts); *see also Whittaker Corp. v. United Aircraft Corp.,* 482 F.2d 1079, 1086 (1st Cir. 1973) ("discovery concerning jurisdictional issues is appropriate where complex factual matters are in question and where a party has been diligent and is somewhat unfamiliar with his adversary").

As can be seen from the proposed Notice of Deposition (*Exhibit A*), Admiral Packaging does not make this request in an effort to develop its theories on the merits of its contract and equity claims against the defendants. Given the availability of EBE's product in twenty locations throughout Rhode Island, a deposition will allow Admiral Packaging to prove to this Court that, notwithstanding EBE's arguments, EBE is subject to this Court's personal jurisdiction.

Discovery is the method by which facts should be flushed out prior to the Court's ruling on them. *Grinell Corp. v. Hackett,* 70 F.R.D. 326, 332 (D.R.I. 1976) (the purpose of Rule 26, as well as other rules of civil procedure is for the parties to obtain the fullest possible knowledge of the issues and facts before trial) (*citing Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 389, 91 L.Ed. 451, 457

[2] A draft of the proposed Notice of Deposition, with dates, times and location to be agreed upon by the parties, is attached as Exhibit A.

(1947), Admiral Packaging requests the opportunity to obtain such jurisdictional information from EBE prior to submitting its opposition to, and having the Court rule on, EBE's jurisdictional motion.

## *III. Conclusion*

For the reasons set forth herein, Admiral Packaging requests that it be granted leave to conduct a jurisdictional deposition as contemplated by the attached Notice of Deposition,[3] which request has been assented to by all parties.

ADMIRAL PACKAGING, INC.
By its attorneys,

s/ Robert D. Fine
s/ Douglas J. Emanuel
Robert D. Fine (2447)
Douglas J. Emanuel (5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel: (401) 453-6400
Fax: (401) 453-6411
Email: demanuel@crfllp.com

Dated: July 12, 2007

## *CERTIFICATE OF SERVICE*

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 12, 2007.

/s/ Douglas J. Emanuel

[3] In a contemporaneous filing, Admiral Packaging has also moved the Court for an order extending the time within which Admiral Packaging must respond to EBE's Motion to Dismiss through and including 21 days after the deposition, or, in the event that the Court denies this motion, 21 days from the order denying this motion.

***EXHIBIT A***

***UNITED STATES DISTRICT COURT***
***FOR THE DISTRICT OF RHODE ISLAND***

ADMIRAL PACKAGING, INC.

v. Civil Action No. 07-164-S

MARS PACKAGING CORP.,
WAYNE SUMMERFORD and
EVER BETTER EATING, INC.

## *NOTICE OF DEPOSITION*

Please take notice that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, the plaintiff, Admiral Packaging, Inc., by the undersigned attorney, will take the deposition upon oral examination of ***Bradford J. Sterl, Jr.,*** individually and as President of defendant Ever Better Eating, Inc. ("EBE"), at **10:00 A.M.** on **_________________, [July/August] __, 2007**, at the offices of EBE's counsel, Gallagher, Callahan & Gartrell, _________________, Concord, NH, 03302, before a notary public or before some other officer authorized by law to administer oaths.

The deponent is requested to provide the documents indicated on the attached Schedule A at or before the time of deposition.

The oral examination will continue from day to day until completed. You are invited to attend and to cross-examine.

ADMIRAL PACKAGING, INC.
By its attorneys,

s/ Robert D. Fine
s/ Douglas J. Emanuel

Robert D. Fine (2447)
Douglas J. Emanuel (5176)
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel: (401) 453-6400
Fax: (401) 453-6411
Email: demanuel@crfllp.com

Dated: July __, 2007

***CERTIFICATE OF SERVICE***

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on ________________, 2007.

/s/ Douglas J. Emanuel

## *SCHEDULE A*

1. Documents demonstrating, relating to or showing the corporate relationship between EBE and "Rustic Crust Company."

2. Documents showing, demonstrating or accounting for "hits" on the internet website www.rustriccrust.com, whether or not broken down by state from which the website was accessed.

3. Documents showing, demonstrating or accounting for "hits" on the page www.rusticcrust.com/consumers.htm, whether or not broken down by state from which the website was accessed.

4. Documents showing, demonstrating or accounting for "hits" on the page www.rusticcrust.com/consumers.htm, that request locations at which consumers can purchase Rustic Crust products in Rhode Island.

5. Documents showing, demonstrating or accounting for sales of Rustic Crust products in Rhode Island.

6. Documents showing, demonstrating or accounting for sales of Rustic Crust products by EBE to sales representatives in Rhode Island.

7. Documents showing, demonstrating or accounting for sales of Rustic Crust products by EBE to sales representatives for resale by those sales representatives in Rhode Island.

8. Documents showing, demonstrating or accounting for hours spent by EBE employees to inspect and remove molding product from store shelves, including the location(s) from which the product was inspected and/or removed.

9. Documents showing, demonstrating or accounting for any temporary physical presence in Rhode Island of employees, officers, directors or other representatives of EBE for any business purpose whatsoever.

10. Documents showing, demonstrating or accounting for the "one or two contacts" with Admiral Packaging in Rhode Island, as referenced in Paragraph 9 in the deponent's affidavit dated June 22, 2007, including, but not limited to, the means or method of contact(s), the location of the contact(s), the dates of the contact(s) and the frequency of the contact(s) (all as applicable).

11. All contracts, agreements, vendor agreements, indemnification agreements or similar documents between EBE and any businesses in Rhode Island where EBE's product(s) are sold.

12. All correspondence between EBE and any businesses in Rhode Island where EBE's product(s) are sold.

13. All contracts, agreements, vendor agreements, indemnification agreements, correspondence or similar documents showing the chain of custody of EBE products sold at locations in Rhode Island.

14. Documents showing, demonstrating or accounting for revenue realized by EBE as a result of its products being sold in Rhode Island.

15. Documents showing, demonstrating or accounting for deliveries made by EBE to locations in Rhode Island.