UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |
| ADMIRAL PACKAGING, INC. | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 07-164S |
| MARS PACKAGING CORP., | * | |
| WAYNE SUMMERFORD and | * | |
| EVER BETTER EATING, INC. | * | |
| | * | |
| Defendants | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

**EVER BETTER EATING, INC.'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, CROSS-CLAIMS AND DEMAND FOR JURY TRIAL**

NOW COMES the Defendant Ever Better Eating, Inc., by and through its counsel, Miller, Scott & Holbrook and Gallagher, Callahan & Gartrell, P.C., and respectfully submits this Answer, Counterclaims, Cross-Claims, and Demand for Jury Trial. In support thereof, Ever Better Eating, Inc. states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Ever Better Eating, Inc. ("Ever Better") is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1; therefore, they are denied.

2. Ever Better is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2; therefore, they are denied.

3. Ever Better admits that Summerford is an individual, but is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3; therefore, they are denied.

4. Admitted.

5. Paragraph 5 states a conclusion of law for which no answer is required.

6. Paragraph 6 states a conclusion of law for which no answer is required.

7. Paragraph 7 states a conclusion of law for which no answer is required.

8. Paragraph 8 states a conclusion of law for which no answer is required.

9. Paragraph 9 states a conclusion of law for which no answer is required.

10. Paragraph 10 states a conclusion of law for which no answer is required.

**FACTS**

11. Ever Better is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11; therefore, they are denied.

12. Ever Better is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12; therefore, they are denied.

13. Ever Better is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13; therefore, they are denied.

14. Admitted.

15. Ever Better is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15; therefore, they are denied.

16. Ever Better admits that Admiral Packaging, Inc. (“Admiral”) shipped pouches directly to it but is without knowledge or information sufficient to form a belief as to whether this was done at the request of Mars Packaging Corp. (“Mars”); therefore that allegation is denied.

17. Because the word "tested" is undefined, Ever Better is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17; therefore, they are denied.

18. Because the word "testing" is undefined and no timeframe is given for the facts alleged, Ever Better is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18; therefore, they are denied.

19. Ever Better admits that it made the decision in 2006 to purchase rollstock from Mars, but denies that it "converted" the rollstock to "pouches."

20. Ever Better admits that the OPP-EVOH rollstock was incompatible with Ever Better's equipment, but denies that the equipment is "pouch equipment" and that Admiral first sold an OPP-EVOH rollstock for testing by Ever Better.

21. Ever Better admits that at some point Admiral sent test materials of PET-EVOH rollstock to see if it was compatible with Ever Better's equipment. Ever Better denies that it "approved" the product. Ever Better admits that Admiral sold PET-EVOH rollstock to Mars which was then shipped to Ever Better.

22. Ever Better is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22; therefore, they are denied.

23. Because "relatively few examples" is a subjective description, Ever Better is not aware of all of the independent testing allegedly conducted by Admiral, and the term "pouches" is undefined and potentially misleading, Ever Better is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23; therefore, they are denied. Answering further, Ever Better states that it provided sufficient samples to demonstrate defects including: gels in the EVOH layer of

film, delamination of the two layers, pinholes in the product, black specks in the PET layer and bugs in the lamination. Ever Better denies that the samples provided were mishandled or misused.

24. Ever Better admits that Wayne Summerford ("Summerford") executed a personal guaranty, but Ever Better is without knowledge or information sufficient to form a belief with respect to the remaining allegations in Paragraph 24; therefore, they are denied.

25. Ever Better admits that Mars complained to Admiral about defects in the product Admiral provided. Ever Better denies that it converted rollstock into pouches on its own.

26. Admitted. Answering further, Ever Better states that application of the Nylon layer was Admiral's recommendation.

27. Ever Better admits that Mars submitted purchase orders and Admiral produced Nylon-PET-EVOH. Ever Better is without knowledge or information sufficient to form a belief with respect to the remaining allegations in Paragraph 27; therefore, they are denied.

28. Ever Better admits that Admiral sold to Mars and delivered to Ever Better Nylon-EVOH rollstock, but denies that it was used without incident.

29. Denied.

30. Ever Better is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30; therefore, they are denied.

31. Ever Better is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31; therefore, they are denied.

## CLAIMS

### Count I – Breach of Contract (Mars)

32. Paragraphs 32 through 40 of the Petition are not directed to Ever Better and therefore, Ever Better makes no response thereto. To the extent that the allegations contained in Paragraphs 32 through 40 of the Petition can be construed to assert claims of breach, negligence or any other wrongdoing against Ever Better, it hereby specifically denies such assertions.

### Count II – Breach of Contract (Summerford)

41. Paragraphs 41 through 47 of the Petition are not directed to Ever Better and therefore, Ever Better makes no response thereto. To the extent that the allegations contained in Paragraphs 41 through 47 of the Petition can be construed to assert claims of breach, negligence or any other wrongdoing against Ever Better, it hereby specifically denies such assertions.

### Count III – Unjust Enrichment (EBE)

48. Ever Better restates and incorporates by reference its responses contained in paragraphs 1 through 47 as if fully set forth herein.

49. Admitted.

50. Use of the word "benefit" in this context is a conclusion of law for which no answer is required. To the extent that an answer may be required, the allegations are denied.

51. Denied.

52. Paragraph 52 states a conclusion of law for which no answer is required. To the extent that an answer may be required, the allegations are denied.

53. Paragraph 53 states a conclusion of law for which no answer is required. To the extent that an answer may be required, the allegations are denied.

**Count IV – Quantum Meruit (EBE)**

54. Ever Better restates and incorporates by reference its responses contained in paragraphs 1 through 53 as if fully set forth herein.

55. Admitted.

56. Use of the word "benefit" in this context is a conclusion of law for which no answer is required. To the extent that an answer may be required, the allegations are denied.

57. Denied.

58. Ever Better is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58; therefore, they are denied.

59. Paragraph 59 states a conclusion of law for which no answer is required. To the extent that an answer may be required, the allegations are denied.

**AND BY WAY OF FURTHER ANSWER**, Defendant Ever Better, sets forth the following affirmative defenses:

60. Plaintiffs have failed to state a claim upon which relief may be granted.

61. Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

62. Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

63. Plaintiffs' claims are barred, in whole or in part, due to failure of consideration.

64. Plaintiffs' claims are barred, in whole or in part, because the goods supplied were non-conforming and were either rejected or their acceptance was revoked or the contract was rescinded.

65. Plaintiffs' claims are barred, in whole or in part, because any goods supplied were non-conforming.

66. By listing the foregoing affirmative defenses, Ever Better is not admitting as a matter of law a burden of proof relative thereto; Ever Better has simply attempted to satisfy its obligation to raise all defenses potentially supported by the evidence, with respect to which the court may rule that the Defendant has the burden of proof.

## COUNTERCLAIMS AGAINST PLAINTIFF ADMIRAL PACKAGING, INC.

NOW COMES Ever Better Eating, Inc. and hereby makes this Counterclaim against Admiral Packaging, Inc. seeking damages.

## FACTS

67. Ever Better enlisted Mars and Summerford to procure packaging for Ever Better's food products.

68. Mars and Summerford acquired the required packaging from Admiral.

69. In March 2006, Ever Better made its initial purchase of polyester film from Admiral. Admiral understood that the film was to be used to package Ever Better's fresh product and that the integrity of the film was essential to Ever Better's business and represented its ability to provide suitable packaging.

70. Throughout 2006 and 2007, Ever Better experienced problems with the film purchased from Admiral though Mars and Summerford. These problems included delamination, pinholing, and insects and other foreign matter laminated into the film.

71. Ever Better notified Mars, Summerford, and Admiral of the defects and their consequences, but the defects were not cured.

72. As a result of the defects in Admiral's film, Ever Better has been required to pay employees to inspect and remove molding product from store shelves. It has been forced to replace product and accept returns because of deficiencies in the packaging. The spoilage of the product as a result of the defective film has jeopardized Ever Better's present and future relationships with its customers and has already caused Ever Better to lose business.

**COUNT I**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(NH RSA § 382-A:2-314 or, in the alternative, R.I.G.L. § 6A-2-329(2)(a))**

73. Ever Better reasserts the facts admitted or asserted as stated in paragraphs 1-72 above.

74. Ever Better relied on Admiral to produce packaging that would be fit for use. The packaging Mars and Summerford procured from Admiral delaminated and pinholed. It also had insects and other foreign matter pressed between layers in the lamination. Packaging with these defects is not of fair average quality and would not pass without objection in the packaging trade nor is it fit for use in packaging consumer products of any kind.

75. Ever Better has been damaged by Admiral's breach of the warranty in the amount of its lost profits for returned or spoiled product, its costs to inspect, remove, and replace product because of the deficiencies in the packaging material, and its lost business and lost good will due to spoiled products.

**COUNT II**
**BREACH OF IMPLIED WARRANTY OF FITNESS**

**FOR A PARTICULAR PURPOSE**
**(NH RSA § 382-A:2-315 or, in the alternative, R.I.G.L. § 6A-2-329(2)(a))**

76. Ever Better reasserts the facts admitted or asserted as stated in paragraphs 1-75 above.

77. Admiral was aware that the goods needed by Ever Better were to be used to package perishable foodstuffs. Ever Better relied on Admiral to provide suitable product. The packaging Mars and Summerford procured from Admiral delaminated and pinholed. These defects led to molding product. The packaging also had insects and other foreign matter pressed between layers in the lamination. Packaging with these defects is unsuitable for use in packaging perishable foodstuffs.

78. Ever Better has been damaged by Admiral's breach of the warranty in the amount of its lost profits for returned or spoiled product, its costs to inspect, remove, and replace product because of the deficiencies in the packaging material, and its lost business and lost good will due to spoiled products.

## COUNT III
## NEGLIGENCE

79. Ever Better reasserts the facts admitted or asserted as stated in paragraphs 1-78 above.

80. Admiral owed Ever Better a duty to provide suitable packaging for its perishable product. It breached that duty by providing packaging that was defective and foreseeably would, and did, lead to spoilage of the Ever Better product. Furthermore, it was foreseeable that Ever Better would be required to remove the spoiled product from its customers' shelves and would lose business as a result.

81. Ever Better has been damaged by Admiral's negligence in the amount of its lost profits for returned or spoiled product, its costs to inspect, remove, and replace product because of the deficiencies in the packaging material, and its lost business and lost good will due to spoiled products.

**COUNT IV**
**STRICT LIABILITY (RESTATEMENT (SECOND) OF TORTS § 402A)**

82. Ever Better reasserts the facts admitted or asserted as stated in paragraphs 1-81 above.

83. Admiral is in the business of selling packaging and knew that Ever Better had purchased film from Admiral to contain perishable product. The packaging Admiral provided was in a defective condition that was unreasonably dangerous to Ever Better as it created an unreasonable risk of damage to the perishable product to be packaged. The unreasonably dangerous condition of the packaging as manufactured by Admiral and received by Ever Better caused molding product.

84. Admiral is strictly liable to Ever Better in the amount of its lost profits for returned or spoiled product, its costs to inspect, remove, and replace product because of the deficiencies in the packaging material, and its lost business and lost good will due to spoiled products.

**COUNT V**
**VIOLATION OF THE NEW HAMPSHIRE PROTECTION ACT**
**(NH RSA 358-A:2)**

85. Ever Better reasserts the facts admitted or asserted as stated in paragraphs 1-84 above.

86. Admiral knew that Ever Better sought packaging for perishable foodstuffs and represented its ability to provide adequate film for that purpose. The film Admiral

provided was not airtight and had foreign matter, including insects, laminated between the layers. Admiral's actions constitute unfair and deceptive trade practices in the conduct of trade or commerce within the State of New Hampshire in violation of NH RSA 358-A.

87. Admiral's actions constitute willful or knowing violations of the Consumer protection Act, entitling the Plaintiffs to at least two and not more than three times their actual damages. In addition, the Plaintiffs are entitled to an award of their reasonable costs and attorney's fees incurred in this matter pursuant to NH RSA § 358-A:10.

## CROSS-CLAIMS AGAINST DEFENDANTS MARS PACKAGING CORP. AND WAYNE SUMMERFORD

NOW COMES Ever Better Eating, Inc. and hereby makes this Cross-Claim against Mars Packaging Corp. and Wayne Summerford seeking damages.

### FACTS

88. Ever Better enlisted Mars and Summerford to procure packaging for Ever Better's food products.

89. Mars and Summerford acquired the required packaging from Admiral.

90. In March 2006, Ever Better made its initial purchase of packaging film from Admiral. Mars, Summerford, and Admiral understood that the film was to be used to package Ever Better's fresh product and that the integrity of the film was essential to Ever Better's business and represented their ability to provide suitable film.

91. Throughout 2006 and 2007, Ever Better experienced problems with the film purchased from Admiral though Mars and Summerford. These problems included delamination, pinholing, and insects and other foreign matter laminated into the film.

92. Ever Better notified Mars, Summerford, and Admiral of the defects and their consequences, but the defects were not cured.

93. As a result of the defects in Admiral's film, Ever Better has been required to pay employees to inspect and remove molding product from store shelves. It has been forced to replace product and accept returns because of deficiencies in the packaging. The spoilage of the product as a result of the defective film has jeopardized Ever Better's present and future relationships with its customers and has already caused Ever Better to lose business.

**COUNT I**
**BREACH OF CONTRACT**

94. Ever Better reasserts the facts admitted or asserted as stated in paragraphs 1-93 above.

95. Ever Better enlisted Mars and Summerford to procure packaging for Ever Better's food products yet the packaging Mars and Summerford procured from Admiral on behalf of Ever Better was not suitable for packaging Ever Better's products. The good were thus non-conforming, their non-conformity substantially impaired their value to Ever Better, and their non-conformity was not cured after notice was given.

96. Ever Better has been damaged by Summerford's and Mars' breach of the contract in the amount of its lost profits for returned or spoiled product, its costs to inspect, remove, and replace product because of the deficiencies in the packaging material, and its lost business and lost good will due to spoiled products.

**COUNT II**
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(NH RSA § 382-A:2-314)**

97. Ever Better reasserts the facts admitted or asserted as stated in paragraphs 1-96 above.

98. Ever Better relied on Mars and Summerford to procure packaging that would be fit for use. The packaging Mars and Summerford procured from Admiral delaminated and pinholed. It also had insects and other foreign matter pressed between layers in the lamination. Packaging with these defects is not of fair average quality and would not pass without objection in the packaging trade nor is it fit for use in packaging consumer products of any kind.

99. Ever Better has been damaged by Summerford's and Mars' breach of the warranty in the amount of its lost profits for returned or spoiled product, its costs to inspect, remove, and replace product because of the deficiencies in the packaging material, and its lost business and lost good will due to spoiled products.

**COUNT III**
**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE (NH RSA § 382-A:2-315)**

100. Ever Better reasserts the facts admitted or asserted as stated in paragraphs 1-99 above.

101. Mars and Summerford were aware that the goods needed by Ever Better were to be used packaging perishable foodstuffs. Ever Better relied on Mars and Summerford to provide suitable product. The packaging Mars and Summerford procured from Admiral delaminated and pinholed. These defects led to molding product. The packaging also had insects and other foreign matter pressed between layers in the lamination. Packaging with these defects is unsuitable for use in packaging perishable foodstuffs.

102. Ever Better has been damaged by Summerford's and Mars' breach of the warranty in the amount of its lost profits for returned or spoiled product, its costs to inspect, remove, and replace product because of the deficiencies in the packaging material, and its lost business and lost good will due to spoiled products.

**COUNT IV**
**NEGLIGENCE**

103. Ever Better reasserts the facts admitted or asserted as stated in paragraphs 1-102 above.

104. Mars and Summerford owed Ever Better a duty to find suitable packaging for its perishable product. They breached that duty by providing the Admiral packaging that was defective and foreseeably would, and did, lead to spoilage of the Ever Better product. Furthermore, it was foreseeable that Ever Better would be required to remove the spoiled product from its customers' shelves and would lose business as a result.

105. Ever Better has been damaged by Summerford's and Mars' negligence in the amount of its lost profits for returned or spoiled product, its costs to inspect, remove, and replace product because of the deficiencies in the packaging material, and its lost business and lost good will due to spoiled products.

**COUNT V**
**VIOLATION OF THE NEW HAMPSHIRE PROTECTION ACT**
**(NH RSA 358-A:2)**

106. Ever Better reasserts the facts admitted or asserted as stated in paragraphs 1-105 above.

107. Summerford and Mars knew that Ever Better sought packaging for perishable foodstuffs and represented its ability to provide adequate film for that purpose. The film it provided through Admiral was not airtight and had foreign matter,

including insects, laminated between the layers. Summerford's and Mars's actions constitute unfair and deceptive trade practices in the conduct of trade or commerce within the State of New Hampshire in violation of NH RSA 358-A.

108. Summerford's and Mars's actions constitute willful or knowing violations of the Consumer protection Act, entitling the Plaintiffs to at least two and not more than three times their actual damages. In addition, the Plaintiffs are entitled to an award of their reasonable costs and attorney's fees incurred in this matter pursuant to NH RSA § 358-A:10.

## DEMAND FOR JURY TRIAL

109. Ever Better asserts its right to a jury trial on all counts alleged by Admiral, and Ever Better's counterclaims and cross-claims.

WHEREFORE, for the above-stated reasons, Defendant Ever Better Eating, Inc. respectfully request that this Court:

A. Dismiss Admiral's claims against Ever Better Eating, Inc.;

B. Award Ever Better damages, including costs and attorney's fees; and

C. Grant such other relief as justice may require.

Respectfully submitted,

EVER BETTER EATING, INC.

By Its Attorneys
GALLAGHER, CALLAHAN & GARTRELL
Professional Corporation

Dated: September 5, 2007

By: /s/ David A. Garfunkel

David A. Garfunkel, Esq. (N.H. #900)
P.O. Box 1415
Concord, NH 03302-1415
(603) 228-1181

And

MILLER, SCOTT & HOLBROOK

Dated: September 5, 2007

By: /s/ Francis S. Holbrook, II

Francis S. Holbrook II, Esq. (#3412)
Miller, Scott & Holbrook
122 Touro Street
Newport, R.I. 02840
401-847-7500
Local Counsel

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this day, via ECF, upon Douglas J. Emanuel, Esq., Michael D. Ramsdell, Esq. and Keith B. Kyle, Esq.

Dated: September 5, 2007

By: /s/ David A. Garfunkel

David A. Garfunkel, Esq.