UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |
| ADMIRAL PACKAGING, INC. | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 07-164S |
| MARS PACKAGING CORP., | * | |
| WAYNE SUMMERFORD and | * | |
| EVER BETTER EATING, INC. | * | |
| | * | |
| Defendants | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

**EVER BETTER EATING, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO CROSS-CLAIMS OF DEFENDANTS MARS PACKAGING CORP. AND WAYNE SUMMERFORD, AND DEMAND FOR JURY TRIAL**

NOW COMES the Defendant Ever Better Eating, Inc., by and through its counsel, Miller, Scott & Holbrook and Gallagher, Callahan & Gartrell, P.C., and respectfully submits this Answer to Cross-Claims. In support thereof, Ever Better Eating, Inc. states as follows:

1. Paragraphs 1 through 65 of Defendants Mars Packaging Corp. and Wayne Summerford's Answer are not directed to Ever Better Eating, Inc. ("Ever Better") and therefore, Ever Better makes no response thereto. To the extent that the allegations contained in Paragraphs 1 through 65 of Defendants' Answer can be construed to assert claims of breach, negligence or any other wrongdoing against Ever Better, it hereby specifically denies such assertions.

***COUNT I***
***BREACH OF CONTRACT***

66. Paragraph 66 requires no response.

67. Ever Better admits that it had a valid and existing contract pursuant to which Mars purchased and shipped to Ever Better, or purchased and arranged for Admiral to ship directly to Ever Better, Admiral's packaging for Ever Better's food products. It denies that it has breached this contract.

68. Denied.

***COUNT II***
***UNJUST ENRICHMENT***

69. Ever Better restates and incorporates by reference its responses contained in paragraphs 66 through 68 as if fully set forth herein.

70. Use of the word "benefit" in this context is a conclusion of law for which no answer is required. To the extent that an answer may be required, the allegations are denied.

71. Paragraph 71 states a conclusion of law for which no answer is required. To the extent that an answer may be required, the allegations are denied.

***COUNT III***
***QUANTUM MERUIT***

72. Ever Better restates and incorporates by reference its responses contained in paragraphs 66 through 71 as if fully set forth herein.

73. Use of the word "benefit" in this context is a conclusion of law for which no answer is required. To the extent that an answer may be required, the allegations are denied.

74. Paragraph 74 states a conclusion of law for which no answer is required. To the extent that an answer may be required, the allegations are denied.

**AND BY WAY OF FURTHER ANSWER**, Defendant Ever Better, sets forth the following affirmative defenses:

1. Cross-claimants have failed to state a claim upon which relief may be granted.

2. Cross-claimants' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

3. Cross-claimants' claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

4. Cross-claimants' claims are barred, in whole or in part, due to failure of consideration.

5. Cross-claimants' claims are barred, in whole or in part, because the goods supplied were non-conforming and were either rejected or their acceptance was revoked or the contract was rescinded.

6. Cross-claimants' claims are barred, in whole or in part, because any goods supplied were non-conforming under the contract.

7. By listing the foregoing affirmative defenses, Ever Better is not admitting as a matter of law a burden of proof relative thereto; Ever Better has simply attempted to satisfy its obligation to raise all defenses potentially supported by the evidence, with respect to which the court may rule that the Defendant has the burden of proof.

**DEMAND FOR JURY TRIAL**

8. Ever Better asserts its right to a jury trial on all counts alleged by Mars and Summerford.

WHEREFORE, for the above-stated reasons, Defendant Ever Better Eating, Inc. respectfully request that this Court:

A. Dismiss Summerford's and Mars's cross-claims against it; and

B. Grant such other relief as justice may require.

Respectfully submitted,

EVER BETTER EATING, INC.

By Its Attorneys
GALLAGHER, CALLAHAN & GARTRELL
Professional Corporation

Dated: September 5, 2007

By: /s/ David A. Garfunkel
David A. Garfunkel, Esq. (N.H. #900)
P.O. Box 1415
Concord, NH 03302-1415
(603) 228-1181

And

MILLER, SCOTT & HOLBROOK

Dated: September 5, 2007

By: /s/ Francis S. Holbrook, II
Francis S. Holbrook II, Esq. (#3412)
Miller, Scott & Holbrook
122 Touro Street
Newport, R.I. 02840
401-847-7500
Local Counsel

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this day, via ECF, upon Douglas J. Emanuel, Esq., Michael D. Ramsdell, Esq. and Keith B. Kyle, Esq.

Dated: September 5, 2007

By: /s/ David A. Garfunkel
David A. Garfunkel, Esq.