UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Admiral Packaging, Inc.<br>Plaintiff<br><br>v.<br><br>Mars Packaging Corp.,<br>Wayne Summerford and<br>Ever Better Eating, Inc.<br>Defendants | * | Civil Action No. 07-164S |

**MARS PACKAGING'S AND WAYNE SUMMERFORD'S ANSWER AND AFFIRMATIVE DEFENSES TO EVER BETTER EATING, INC.'S CROSS-CLAIMS, AND DEMAND FOR JURY TRIAL**

Defendants Mars Packaging Corp. and Wayne Summerford, by and through their counsel, submit the following Answer and Affirmative Defenses to Ever Better Eating, Inc.'s Cross-claims, and Demand for Jury Trial:

1. Ever Better Eating, Inc.'s ("EBE") cross-claims against Mars Packaging Corp. ("Mars") and Mr. Summerford, and the allegations thereto, commence at paragraph 88 of EBE's Answer, Affirmative Defenses, Counterclaims, Cross-claims and Demand for Jury Trial. Accordingly, no response is required to paragraphs 1 – 87. To the extent that any allegation contained in paragraphs 1 – 87 can be construed adversely to Mars or Mr. Summerford, the allegation is denied.

**FACTS**

88 - 89. Admitted.

90. Mars and Mr. Summerford deny that they made representations about Admiral's packaging film. The remaining allegations in paragraph 90 are admitted.

91. Although Mars and Mr. Summerford admit that EBE experienced problems with Admiral's packaging during 2006 and 2007, they lack sufficient knowledge to admit or deny whether the problems persisted throughout 2006 and 2007, and, therefore, the allegations in paragraph 91 are denied.

92. Admitted, although Mars and Mr. Summerford deny that they had any obligation to cure defects in Admiral's packaging.

93. Mars and Mr. Summerford lack sufficient information to admit or deny the remaining allegations alleged in paragraph 93 and, therefore, deny them.

**Count I**
**Breach of Contract**

94. Paragraph 94 merely restates and incorporates the allegations set forth in the preceding paragraphs of EBE's pleading and, therefore, no response is required.

95. Paragraph 95 contains conclusions of law to which no response is required. To the extent that paragraph 95 can be construed as containing factual allegations adverse to Mars and Mr. Summerford, the allegations are denied. Additionally, Mars and Mr. Summerford deny any responsibility for any defects in Admiral's packaging.

96. Denied.

**Count II**
**Breach of Implied Warranty of Merchantability**
**(NH RSA §382-A:2-314)**

97. Paragraph 97 merely restates and incorporates the allegations set forth in the preceding paragraphs of EBE's pleading and, therefore, no response is required.

98. Mars and Mr. Summerford deny that EBE relied on them "to procure packaging that would be fit for use." Mars and Mr. Summerford lack sufficient

information to admit or deny the remaining allegations alleged in paragraph 93 and, therefore, deny them.

99. Denied.

**Count III**
**Breach of Implied Warranty of Fitness for a Particular Purpose**
**(NH RSA §382-A:2-315)**

100. Paragraph 100 merely restates and incorporates the allegations set forth in the preceding paragraphs of EBE's pleading and, therefore, no response is required.

101. The first sentence of paragraph 101 is admitted. Mars and Mr. Summerford deny that EBE relied on them "to provide suitable product." Mars and Mr. Summerford lack sufficient information to admit or deny the remaining allegations alleged in paragraph 101 and, therefore, deny them.

102. Denied.

**Count IV**
**Negligence**

103. Paragraph 103 merely restates and incorporates the allegations set forth in the preceding paragraphs of EBE's pleading and, therefore, no response is required.

104. Paragraph 104 contains conclusions of law to which no response is required. To the extent that paragraph 104 can be construed as containing factual allegations adverse to Mars and Mr. Summerford, the allegations are denied. Additionally, Mars and Mr. Summerford deny any responsibility for any defects in Admiral's packaging.

105. Denied.

**Count V**
**Violation of the New Hampshire [Consumer] Protection Act**
**(NH RSA 358-A:2)**

106. Paragraph 106 merely restates and incorporates the allegations set forth in the preceding paragraphs of EBE's pleading and, therefore, no response is required.

107. Paragraph 107 contains a conclusion of law to which no response is required. Mars and Mr. Summerford admit the first allegation and deny the second allegation contained in the first sentence of paragraph 107. Mars and Mr. Summerford lack sufficient information to admit or deny the allegations alleged in the second sentence of paragraph 107 and, therefore, deny them. Additionally, Mars and Mr. Summerford deny any responsibility for any defects in Admiral's packaging.

108. Denied.

**AFFIRMATIVE DEFENSES**

109. Mars and Mr. Summerford assert the affirmative defense of failure to state a claim upon which relief may be granted.

110. EBE is barred from recovery on any breach of a contract occasioned by Mars and Mr. Summerford because EBE also breached the contract.

111. Mars and Mr. Summerford assert the affirmative defense of waiver.

112. Mars and Mr. Summerford assert the affirmative defense of estoppel.

113. Mars and Mr. Summerford assert the affirmative defense of unclean hands.

114. EBE is barred from recovery on its breach of implied warranty of merchantability claim because neither Mars nor Mr. Summerford was a "merchant" in any contract with EBE.

115. EBE is barred from recovery on its breach of implied warranty of fitness because EBE was not relying on Mars' or Mr. Summerford's skill or judgment in selecting Admiral's packaging.

116. Any damages occasioned by EBE resulted from Admiral's conduct, not the conduct of Mars or Mr. Summerford.

117. Mars and Mr. Summerford assert the affirmative defense of comparative fault.

**DEMAND FOR JURY TRIAL**

118. Mars and Mr. Summerford assert their right to a jury trial on all counts alleged by EBE.

WHEREFORE, Defendants Mars and Mr. Summerford respectfully request that the Honorable Court:

A. Dismiss EBE's claims against them; and

B. Grant such further relief as justice requires.

MARS PACKAGING CORP and
WAYNE SUMMERFORD

By and through their attorneys,

HOULIHAN, MANAGHAN & KYLE, LLP

By: /s/ Keith B. Kyle
Keith B. Kyle, Esq. #3876
Two Marlborough Street
Newport, RI 02840
(401) 846-7777
(401) 848-7141 *facsimile*

KACAVAS RAMSDELL
& HOWARD, P. L. L. C.

By: /s/ Michael D. Ramsdell
Michael D. Ramsdell (NH #2096)
175 Canal Street
Manchester, NH 03101
(603) 625-1254
(603) 625-1254 *facsimile*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed this document with the court via the ECF system and thereby completed service.

By: /s/ Michael D. Ramsdell
Michael D. Ramsdell (NH #2096)

Dated: September 17, 2007