***IN THE UNITED STATES DISTRICT COURT***
***FOR THE DISTRICT OF RHODE ISLAND***

ADMIRAL PACKAGING, INC.

v. Civil Action No. 07-164-S

MARS PACKAGING CORP.,
WAYNE SUMMERFORD and
EVER BETTER EATING, INC.

***PLAINTIFF'S REPLY TO COUNTERCLAIM***

The plaintiff, Admiral Packaging, Inc. ("Admiral"), hereby submits the following as its reply to the counterclaim filed by Ever Better Eating, Inc. ("EBE").

67. Admiral is without first-hand knowledge of the truth of the allegations of Paragraph 67[1] of the Counterclaim, but believes them to be true.

68. Admiral is without first-hand knowledge of the truth of the allegations of Paragraph 68 of the Counterclaim, but believes them to be true.

69. Admiral denies that it made any sales directly to EBE. Admiral denies the allegations of Paragraph 69 of the Counterclaim.

70. Admiral is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of the Counterclaim.

71. Admiral denies that EBE notified Admiral of defects "throughout 2006 and 2007," as the allegations of Paragraph 71 of the Counterclaim implies. Admiral denies the allegations of Paragraph 71 of the Counterclaim.

72. Denied.

***COUNT I***

73. Admiral restates and incorporates by this reference its reply to Paragraphs 67-72 as if the same were more fully set forth herein. To the extent that Paragraphs 1 through 66 of EBE's

[1] The allegations of the Counterclaim begin with Paragraph 67.

Answer, including its Affirmative Defenses, are included in the Counterclaim, Admiral responds by reincorporating its corresponding averments in the Complaint, and denying any right of EBE to obtain judgment on its affirmative defenses.

74. Denied.

75. Denied.

***COUNT II***

76. Admiral restates and incorporates by this reference its reply to Paragraphs 67-75 as if the same were more fully set forth herein. To the extent that Paragraphs 1 through 66 of EBE's Answer, including its Affirmative Defenses, are included in the Counterclaim, Admiral responds by reincorporating its corresponding averments in the Complaint, and denying any right of EBE to obtain judgment on its affirmative defenses.

77. Denied.

78. Denied.

***COUNT III***

79. Admiral restates and incorporates by this reference its reply to Paragraphs 67-78 as if the same were more fully set forth herein. To the extent that Paragraphs 1 through 66 of EBE's Answer, including its Affirmative Defenses, are included in the Counterclaim, Admiral responds by reincorporating its corresponding averments in the Complaint, and denying any right of EBE to obtain judgment on its affirmative defenses.

80. Denied.

81. Denied.

***COUNT IV***

82. Admiral restates and incorporates by this reference its reply to Paragraphs 67-78 as if the same were more fully set forth herein. To the extent that Paragraphs 1 through 66 of EBE's

Answer, including its Affirmative Defenses, are included in the Counterclaim, Admiral responds by reincorporating its corresponding averments in the Complaint, and denying any right of EBE to obtain judgment on its affirmative defenses.

83. Admiral admits it is in the business of selling packaging. The remaining allegations of Paragraph 83 of the Counterclaim are denied.

84. Denied.

***COUNT V***

85. Admiral restates and incorporates by this reference its reply to Paragraphs 67-7 4as if the same were more fully set forth herein. To the extent that Paragraphs 1 through 66 of EBE's Answer, including its Affirmative Defenses, are included in the Counterclaim, Admiral responds by reincorporating its corresponding averments in the Complaint, and denying any right of EBE to obtain judgment on its affirmative defenses.

86. Denied.

87. Denied.

***AFFIRMATIVE DEFENSES***

1. The Counterclaim fails to state claims upon which relief may be granted.

2. The products and materials sold by Admiral to Mars were fit for the use for which they were intended.

3. The products and materials sold by Admiral to Mars were merchantable.

4. To the extent the products and materials sold by Admiral to Mars failed, they failed because of the mishandling or misuse by either Mars or EBE.

5. EBE is barred from converting an action in contract to an action in tort.

6. The sale of converted pouches and/or rollstock does not give rise to the implication of § 402A of the Restatement of Torts.

7. Admiral's trade practices were neither unfair nor deceptive.

WHEREFORE, Admiral requests judgment enter in its favor on EBE's Counterclaim, and such other and further relief as may be appropriate in these circumstances.

ADMIRAL PACKAGING, INC.
By its attorneys,

/s/ Douglas J. Emanuel

Robert D. Fine (2447)
Douglas J. Emanuel (5176)
CHACE RUTTENBERG & FREEDMAN, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel.: (401) 453-6400
Fax: (401) 453-6411
Email: demanuel@crfllp.com

Dated: September 24, 2007

## *CERTIFICATE OF SERVICE*

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 24, 2007.

/s/ Douglas J. Emanuel