UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Admiral Packaging, Inc.<br>Plaintiff | * | |
| v. | * | Case No. 07-164S |
| Mars Packaging Corp.,<br>Wayne Summerford and<br>Ever Better Eating, Inc.<br>Defendants | * | |

**MARS PACKAGING'S AND WAYNE SUMMERFORD'S STATEMENT OF CLAIMS PURSUANT TO DRI LR Cv 16(c)**

Defendants Mars Packaging Corp. ("Mars") and Wayne Summerford, by and through their counsel, submit the following Statement of Claims pursuant to DRI LR Cv 16(c):

1. The elements of and citation in support of the affirmative defenses asserted in response to Admiral Packaging, Inc.'s claims are as follows:

a. failure to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(c);

b. Plaintiffs are barred from recovery on any breach of a contract or agreement occasioned by Mars and Mr. Summerford because Plaintiffs also breached the agreement or contract, *Laconia Clinic, Inc. v. Cullen*, 119 N.H. 804, 807 (1979);

c. waiver – intentionally relinquishing a contractual right which would have been beneficial to the party, *D.M. Holden, Inc. v. Contractor's Crane Service, Inc.*, 121 N.H. 831, 835 (1981);

d. estoppel - a representation or concealment of material facts made with knowledge of those facts; the party to whom the representation was made must have been ignorant of the truth of the matter; the representation must have been made with the intention of inducing the other party to rely upon it; and the other party must have been induced to rely upon the representation to his

or her injury, *Healey v. Town of New Durham*, 140 N.H. 232, 239-40 (1995); and

e. unclean hands – the parties against whom Plaintiffs seek relief have themselves been injured by Plaintiff's conduct, *see Cornwell v. Cornwell*, 116 N.H. 205, 210 (1976).

2. The elements of and citations in support of Mars's and Mr. Summerford's cross-claims against Ever Better Eating, Inc. ("EBE") are as follows:

a. breach of contract – a party failed, without legal excuse, to perform a promise that formed a whole or part of the parties' agreement, *see Bronstein v. GZA Geoenvironmental, Inc.*, 140 N.H. 253, 255 (1995);

b. unjust enrichment – a party enriched itself at the expense of another party contrary to equity in that the enriched party became so through wrongful acts or passive acceptance of a benefit that would be unconscionable to retain, *Cohen v. Frank Developers*, 118 N.H. 512, 518 (1978); and

c. quantum meruit – a party has received a benefit from another party's at least partial performance of an agreement although the at least partially performing party may not have completed its performance and the at least partially performing party expended funds from which the other party benefited, *see R. J. Berke & Co. v. J. P. Griffin, Inc.*, 116 N.H. 760, 764 (1976).

3. The elements of and citation in support of the affirmative defenses asserted in response to EBE's claims are as follows:

a. failure to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(c);

b. EBE is barred from recovery on any breach of a contract or agreement occasioned by Mars and Mr. Summerford because EBE also breached the agreement or contract, *Laconia Clinic, Inc. v. Cullen*, 119 N.H. 804, 807 (1979);

c. waiver – intentionally relinquishing a contractual right which would have been beneficial to the party, *D.M. Holden, Inc. v. Contractor's Crane Service, Inc.*, 121 N.H. 831, 835 (1981);

d. estoppel - a representation or concealment of material facts made with knowledge of those facts; the party to whom the representation was made must have been ignorant of the truth of the matter; the representation must have been made with the intention of inducing the other party to rely upon it; and the other party must have been induced to rely upon the representation to his or her injury, *Healey v. Town of New Durham*, 140 N.H. 232, 239-40 (1995);

e. unclean hands – the parties against whom Plaintiffs seek relief have themselves been injured by Plaintiff's conduct, *see Cornwell v. Cornwell*, 116 N.H. 205, 210 (1976).

f. neither Mars nor Mr. Summerford was a "merchant" in any contract with EBE, NH RSA 382-A:2-104(1);

g. EBE did not rely on Mars' or Mr. Summerford's skill or judgment in selecting Admiral's packaging, NH RSA 382-A:2-315; and

h. comparative fault, NH RSA 507:7-d.

Respectfully submitted,

MARS PACKAGING CORP and WAYNE SUMMERFORD,

By and through their attorneys,

KACAVAS RAMSDELL &
HOWARD, P.L.L.C.

By: /s/ Michael D. Ramsdell____
Michael D. Ramsdell, Esq. (NH #2096)
175 Canal St.
Manchester, NH 03101
(603) 625-1254
(603) 625-1254 *facsimile*

HOULIHAN, MANAGHAN & KYLE, LLP

By: /s/ Keith B. Kyle________
Keith B. Kyle, Esq. #3876
Two Marlborough Street
Newport, RI 02840
(401) 846-7777
(401) 848-7141 *facsimile*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed this document with the court via the ECF system and thereby completed service.

Dated: September 24, 2007 /s/ Keith B. Kyle, Esq. #3876____