***IN THE UNITED STATES DISTRICT COURT***
***FOR THE DISTRICT OF RHODE ISLAND***

ADMIRAL PACKAGING, INC.

v. Civil Action No. 07-164-S

MARS PACKAGING CORP.,
WAYNE SUMMERFORD and
EVER BETTER EATING, INC.

***PRETRIAL CONFERENCE STATEMENT***
***ENUMERATING CLAIMS***

Pursuant to this Court's Notice dated September 5, 2007, the plaintiff, Admiral Packaging, Inc. ("Admiral"), hereby submits the following as its pretrial conference statement, enumerating elements that it needs to prove at the trial of this case.

As alleged in the Complaint, Admiral sold (a) converted pouches and (b) rollstock to Mars Packaging, Inc. ("Mars"). During the course of their relationship, defendant Wayne Summerford ("Summerford") guarantied Mars's obligations to Admiral.

All of Admiral's sales to Mars were for the benefit of, and delivered to, Mars's customer, Ever Better Eating, Inc. ("EBE").

Neither Mars, Summerford nor EBE has paid Admiral's outstanding invoices (which, in the aggregate, total approximately $135,000). Although EBE claims that the pouches and rollstock failed, Admiral maintains that the failure was due to the mishandling and misuse by either Mars, Summerford or EBE, and that the goods sold by Admiral were fit for their use, free from defects.

**Count I** seeks damages for breach of contract against Mars for its failure to pay Admiral's outstanding invoices. **Count II** seeks damages against Summerford for failing to honor his guaranty. "A party establishes a breach of contract claim when that party demonstrates a 'violation of a contractual obligation, either by failing to perform one's promise or by interfering with another party's performance.'" *Demicco v. Medical Associates of Rhode Island, Inc., et al.,* 2000 WL 1146532 at *2

(D.R.I. July 31, 2000) (citing Black's Law Dictionary 182 (7th ed. 1999)).

**Count III** seeks the invocation of this Court's equitable jurisdiction, in that it asks the Court to order EBE to pay Admiral as a result of the unjust enrichment enjoyed by EBE as a result of its having received Admiral's product without having paid for it. In seeking restitution under quasi-contract for unjust enrichment, "a plaintiff must prove three elements. First, a benefit must be conferred upon the defendant by the plaintiff. Second, there must be an appreciation by the defendant of such benefit. Finally, there must be an acceptance of such benefit under such circumstances that it would be inequitable for [the defendant] to retain the benefit without paying the value thereof." *R & B Elec. Co. v. Amco Constr. Co., Inc.* 471 A.2d 1351, 1355-56 (R.I. 1994).

Similarly, **Count IV** seeks the invocation of this Court's equitable jurisdiction, in that it asks the Court to order EBE to pay Admiral in an amount proportionate to the benefit received by EBE under the doctrine of *quantum meruit*. *Narragansett Elec. Co. v. Carbone,* 898 A.2d 87, 100 (R.I. 1996) ("if the plaintiff can prove the reasonable value of services rendered without payment, the defendant justly may be compelled to pay for those services.").

ADMIRAL PACKAGING, INC.
By its attorneys,

/s/ Douglas J. Emanuel

Robert D. Fine (2447)
Douglas J. Emanuel (5176)
CHACE RUTTENBERG & FREEDMAN, LLP
One Park Row, Suite 300
Providence, RI 02903
Tel.: (401) 453-6400
Fax: (401) 453-6411
Email: demanuel@crfllp.com

Dated: September 27, 2007

***CERTIFICATE OF SERVICE***

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 27, 2007.

/s/ Douglas J. Emanuel