UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ADMIRAL PACKAGING, INC. | | |
| Plaintiff | | |
| v. | | Civil Action No. 07-164S |
| MARS PACKAGING CORP., WAYNE SUMMERFORD and EVER BETTER EATING, INC. | | |
| Defendants | | |

**EVER BETTER EATING, INC.'S STATEMENT OF CASE**

NOW COMES the Cross-Claimant and Counterclaimant Ever Better Eating, Inc., by and through its counsel, Miller, Scott & Holbrook and Gallagher, Callahan & Gartrell, P.C., and respectfully submits this written statement enumerating the elements of its claims along with pertinent citations and authorities.

**I. Factual Basis for Legal Claims**

The Cross-Claimant and Counterclaimant, Ever Better Eating, Inc. ("Ever Better"), asserts that it will offer testimony which, if found admissible and credible, will establish that:

Ever Better is a New Hampshire corporation that manufactures prepared flour mixes and doughs. In an effort to find suitable packaging for its products, Ever Better entered into a contract with Mars Packaging Corp ("Mars") and Wayne Summerford ("Summerford"). Summerford/Mars acted as a broker to find and contract with an

appropriate packaging supplier. Summerford/Mars acquired the required packaging from Admiral Packaging, Inc. (“Admiral”).

In March 2006, Ever Better made its initial purchase of polyester film from Admiral. Mars, Summerford, and Admiral understood that the film was to be used to package Ever Better’s fresh product and that the integrity of the film was essential to Ever Better’s business and represented its ability to provide suitable packaging.

Throughout 2006 and 2007, Ever Better experienced problems with the film purchased from Admiral through Mars and Summerford. These problems included delamination, pinholing, and insects and other foreign matter laminated into the film. Ever Better notified Mars, Summerford, and Admiral of the defects and their consequences, but the defects were not cured.

As a result of the defects in Admiral’s film, Ever Better has been required to pay employees to inspect and remove molding product from store shelves. It has been forced to replace product and accept returns because of deficiencies in the packaging. The spoilage of the product as a result of the defective film has jeopardized Ever Better’s present and future relationships with its customers and has already caused Ever Better to lose business.

## II. Breach of Contract

Count I of the Cross-Claim seeks damages against Mars/Summerford for breach of contract due to its failure to produce goods that conformed to the contract. “A breach of contract occurs when there is a ‘failure without legal excuse, to perform any promise which forms the whole or part of a contract.’” Bronstein v. GZA Geoenvironmental, Inc., 140 N.H. 253, 255 (1995)(quoting Black's Law Dictionary 188 (6th ed. 1990)). In a

contract for the sale of goods, "where the buyer has accepted goods and given notification, he may recover as damages for any non-conformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable…In a proper case any incidental and consequential damages…may also be recovered." NH RSA 382-A:2-714.

### III. Breach of Implied Warranty of Merchantability and Implied Warranty of Fitness for a Particular Purpose

Count I of the Counterclaim and Count II of the Cross-Claim seek damages from Admiral (Counterclaim Defendant) and Mars/Summerford (Cross-Claim Defendant) for breach of the implied warranty of merchantability. New Hampshire RSA 382-A:2-314 states that, unless excluded or modified, a warranty of merchantability is implied in all contracts for the sale of goods if the seller is a merchant with respect to goods of that kind. In order for goods to be merchantable, they

> "must be at least such as:
> (a) pass without objection in the trade under the contract description; and
> (b) in the case of fungible goods, are of fair average quality within the description; and
> (c) are fit for the ordinary purposes for which such goods are used; and
> (d) run, within the variations permitted by the agreement, of even kind, quality and quantity with each unit and among all units involved; and
> (e) are adequately contained, packaged, and labeled as the agreement may require; and
> (f) conform to the promises or affirmations of fact made on the container or label if any."

NH RSA 382-A:2-314.

Count II of the Counterclaim and Count III of the Cross-Claim seek damages from Admiral (Counterclaim Defendant) and Mars/Summerford (Cross-Claim Defendant) for breach of the implied warranty of fitness for a particular purpose. "Where the seller at the time of contracting has reason to know any particular purpose for which the

goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is … an implied warranty that the goods shall be fit for such purpose." NH RSA 382-A:2-315. "Unless the warranties [of merchantability and fitness for a particular purpose] are disclaimed or limited, a breach of any of these warranties may give rise to a cause of action for incidental or consequential damages." Xerox Corp. v. Hawkes, 124 N.H. 610, 616 (1984) (citing RSA 382-A:2-714).

**IV. Negligence**

Count III of the Counterclaim and Count IV of the Cross-Claim seek damages from Admiral (Counterclaim Defendant) and Mars/Summerford (Cross-Claim Defendant) for negligence. The plaintiff in a negligence action must prove a breach of a duty of care by the defendant, which proximately caused an injury to the plaintiff. Kravitz v. Beech Hill Hospital L.L.C., 148 N.H. 383, 391 (2002). Furthermore, the damages caused by the defendant's negligence must have been reasonably foreseeable, though not necessarily probable. Powell v. Catholic Medical Center, 145 N.H. 7, 13 (2000).

**V. Strict Liability**

Count IV of the Counterclaim seeks damages from Admiral for strict liability for providing packaging in a defective condition that was unreasonably dangerous to Ever Better as it created an unreasonable risk of damage to the perishable product to be packaged. The New Hampshire Supreme Court has adopted the doctrine of strict liability as enumerated in Section 402A (1) of the Restatement (Second) of Torts. Kelleher v. Marvin Lumber and Cedar Co., 152 N.H. 813, 831 (2005). Section 402A (1) states that "one who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby

caused to the ultimate user or consumer, or to his property, if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold." Restatement (Second) of Torts § 402A.

### VI. Violation of the New Hampshire Consumer Protection Act

Counts V of the Counterclaim (against Admiral) and of the Cross-Claim (against Mars/Summerford) seek at least two and not more than three times Ever Better's actual damages as well as attorney's fees and costs for violation of the New Hampshire Consumer Protection Act due to Admiral's and Mars/Summerford's representations that they could, and did, provide suitable packaging for perishable foodstuffs. The New Hampshire Consumer Protection Act deems unlawful the use of "any unfair or deceptive act or practice in the conduct of any trade or commerce" in the state. NH RSA 358-A:2. In addition to this general prohibition, the statute lists particular unfair or deceptive acts or practices which include representing that goods have characteristics that they do not have (RSA 358-A:2, V) and "representing that goods…are of a particular standard, quality, or grade…if they are of another" (RSA 358-A:2, VII).

As for any claims Ever Better may have against Admiral or Mars/Summerford that may fall only within the general proscription of unfair or deceptive acts and not within the enumerated practices, the New Hampshire Supreme Court employs the rascality test. Becksted v. Nadeau, 926 A.2d 819, 823 (2007). Under the rascality test, "the objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." Id (citations omitted).

If the court finds that the acts were "willful or knowing" violations of the statute, "it shall award as much as 3 times, but not less than 2 times" the amount of damages. RSA 358-A:10. "In addition, a prevailing plaintiff shall be awarded the costs of the suit and reasonable attorney's fees, as determined by the court." Id.

Respectfully submitted,

EVER BETTER EATING, INC.

By Its Attorneys
GALLAGHER, CALLAHAN & GARTRELL
Professional Corporation

Dated: September 27, 2007

By: /s/ David A. Garfunkel
David A. Garfunkel, Esq. (N.H. #900)
P.O. Box 1415
Concord, NH 03302-1415
(603) 228-1181

And

MILLER, SCOTT & HOLBROOK

Dated: September 27, 2007

By: /s/ Francis S. Holbrook, II
Francis S. Holbrook II, Esq. (#3412)
Miller, Scott & Holbrook
122 Touro Street
Newport, R.I. 02840
401-847-7500
Local Counsel

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this day, via ECF, upon Douglas J. Emanuel, Esq., Michael D. Ramsdell, Esq. and Keith B. Kyle, Esq.

Dated: September 27, 2007

By: /s/ David A. Garfunkel
David A. Garfunkel, Esq.