JSD:af 07-274

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ADMIRAL PACKAGING, INC.<br>vs.<br>MARS PACKAGING CORP., WAYNE SUMMERFORD and EVER BETTER EATING, INC. | C.A. No. 07-164-S |

**COUNTERCLAIM DEFENDANT/PLAINTIFF'S CONDITIONALLY ASSENTED TO MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT**

Now comes the counterclaim defendant/plaintiff Admiral Packaging, Inc. and moves for leave to file a third-party complaint in the form annexed hereto to said motion.

/S/ James S. D'Ambra

James S. D'Ambra, Esq. (#5064)
RICE DOLAN & KERSHAW
*Attorneys for Crossclaim Defendant*
*Admiral Packaging, Inc.*
72 Pine Street, Third Floor
Providence, RI 02903
(401) 272-8800 telephone
(401) 421-7218 fax

**CERTIFICATION**

The undersigned hereby certifies that a true copy of the within document has been sent to counsel of record, as follows, this 14th day of April, 2008:

Douglas Emanuel, Esq.
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903

Francis S. Holbrook, II, Esq.
Miller Scott & Holbrook
122 Tourto Street
Newport, RI 02840

Michael Ramsdell, pro hac vice
Kacavas Ramsdell & Howard, P.L.L.C.
1850 Elm Street
Manchester, NH 03104

Keith B. Kyle, Esq.
Houlihan Managhan & Kyle, LLP
Two Marlborough Street
Newport, RI 02840

David A. Garfunkel, Esq.
Gallagher Callahan & Gartrell
PO Box 1415
Concord, NH 03302-1415

/S/ James S. D'Ambra

JSD:af 07-274

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ADMIRAL PACKAGING, INC.

vs. C.A. No. 07-164-S

MARS PACKAGING CORP.,
WAYNE SUMMERFORD and
EVER BETTER EATING, INC.

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A THIRD PARTY COMPLAINT**

This matter is before the Court on the plaintiff/counterclaim defendant Admiral Packaging, Inc.'s ("Admiral") motion to file a third-party complaint against Cadillac Products Pkg. Co. ("Cadillac").

This case arises out of a lawsuit brought by Admiral against the primary defendants alleging breach of contract. The primary defendant Ever Better Eating, Inc. ("EBE") filed a counterclaim seeking damages for alleged defective product. Although Admiral denies it provided any defective product to EBE, it is Admiral's position that to the extent a fact finder determines that the product contained defective material, it would have been as a result of the negligence of Cadillac who supplied film called EVOH to Admiral which was used as part of the product sold to EBE.

Counsel for Mars Packaging Corp., Wayne Summerford and Ever Better Eating, Inc. has indicated that they have no objection to the filing of the third-party complaint if the current scheduling order is pushed back given the fact that a new party will be added to the case and discovery will need to be conducted for third-party defendant. Given the above, counsel for the parties would request that the time for the defendants to make their expert witness disclosures be extended to December 1, 2008 and the plaintiff's disclosures due on January 1, 2008, expert depositions would be conducted between January 1, 2008 and February 1, 2008. If the Court is

unwilling to grant the request for extension of expert disclosure at this time, then Admiral Packaging would then request that the Court address Admiral's motion as a non-assented to motion.

Admiral seeks to bring a claim for contribution and indemnification against Cadillac, the supplier of the EVOH product which EBE claims was defective. The addition of Admiral to this case is of crucial importance given that EBE's counterclaim is based upon an alleged defect to a product supplied by Cadillac and incorporated in a product sold by Admiral Packaging to EBE. It is necessary to add Cadillac to this litigation given that based upon EBE's allegations Admiral Packaging's alleged negligence is merely passive and it is the active negligence of Cadillac which is at issue.

Pursuant to Federal Rules of Civil Procedure 14, third-party practice is allowed as follows:

> **(a) When a Defending Party May Bring in a Third Party.**
>
> > **(1)** ***Timing of the Summons and Complaint.*** A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer.
>
> **(b) When a Plaintiff May Bring in a Third Party.** When a claim is asserted against a plaintiff, the plaintiff may bring in a third party if this rule would allow a defendant to do so.

The third-party complaint against Cadillac is necessary to avoid an injustice to Admiral and in furtherance of judicial economy. Given that the allegations in the counterclaim against Admiral are primarily based upon its vicarious negligence in supplying an alleged defective product it purchased from Cadillac, it is necessary to add Cadillac as a third-party defendant in terms of fairness and judicial economy. To the extent there is any liability attributed to Admiral Packaging on the counterclaim, its liability is purely vicarious and an action would need to be brought with respect

to issues of contribution and indemnification. Requiring Admiral Packaging to file a separate lawsuit at some point after this litigation would only be a waste of judicial time and the parties' time as the identical issues in this case would need to be re-litigated.

Accordingly, Admiral requests that this Court grant its motion to file the third-party complaint form attached hereto as Exhibit A.

## CONCLUSION

For the above reasons, Admiral's motion to file a third-party complaint should be granted.

/S/ James S. D'Ambra
James S. D'Ambra, Esq. (#5064)
RICE DOLAN & KERSHAW
*Attorneys for Crossclaim Defendant*
*Admiral Packaging, Inc.*
72 Pine Street, Third Floor
Providence, RI 02903
(401) 272-8800 telephone
(401) 421-7218 fax

## CERTIFICATION

The undersigned hereby certifies that a true copy of the within document has been sent to counsel of record, as follows, this 14th day of April, 2008:

Douglas Emanuel, Esq.
Chace Ruttenberg & Freedman, LLP
One Park Row, Suite 300
Providence, RI 02903

Francis S. Holbrook, II, Esq.
Miller Scott & Holbrook
122 Tourto Street
Newport, RI 02840

Michael Ramsdell, pro hac vice
Kacavas Ramsdell & Howard, P.L.L.C.
1850 Elm Street
Manchester, NH 03104

Keith B. Kyle, Esq.
Houlihan Managhan & Kyle, LLP
Two Marlborough Street
Newport, RI 02840

David A. Garfunkel, Esq.
Gallagher Callahan & Gartrell
PO Box 1415
Concord, NH 03302-1415

/S/ James S. D'Ambra