UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |
| ADMIRAL PACKAGING, INC. | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 07-164S |
| MARS PACKAGING CORP., | * | |
| WAYNE SUMMERFORD and | * | |
| EVER BETTER EATING, INC. | * | |
| | * | |
| Defendants | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

**EVER BETTER EATING, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL OBJECTION TO ADMIRAL PACKAGING INC.'S MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT**

NOW COMES the Defendant/Counterclaim Plaintiff Ever Better Eating, Inc. ("EBE"), by and through its counsel, Miller, Scott & Holbrook and Gallagher, Callahan & Gartrell, P.C., and respectfully submits this Memorandum of Law in Support of its Partial Objection to Admiral Packaging Inc.'s Motion for Leave to File a Third-Party Complaint.

It has been nearly 7 months since Admiral served its answer to EBE's counterclaim alleging defects in food packaging materials supplied by Admiral. Because this is past the 10 days provided by Rule 14, whether Admiral should be allowed to implead Cadillac at this time is left to the discretion of the Court in order to ensure that the addition of a third-party defendant does not "prejudice the ongoing proceedings." Fed. R. Civ. Pro. 14(a)(1) and Lehman v. Revolution Portfolio LLC, 166 F.3d 389, 393 (1st Cir. 1999).

EBE's counterclaim will be determined in large part by the findings of the parties' experts because liability turns on the causes and effects of the defects in the food packaging materials manufactured by Admiral. Admiral has alleged in its memorandum in support of its motion to add Cadillac Products Pkg. Co. ("Cadillac") as a third party defendant that "to the extent a fact finder determines that the product contained defective material, it would have been the result of the negligence of Cadillac who supplied film called EVOH to Admiral which was used as part of the product sold to EBE." Admiral's memorandum at p. 1. Thus, it is paramount that each party's expert reviews discovery from all of the parties. The information Cadillac would provide during discovery may very well change the analysis performed by EBE's expert. Consequently, if EBE's expert reports are due before it has the opportunity to conduct discovery from the third-party defendant, EBE will be prejudiced in the preparation of its case.[1]

EBE agrees with Admiral that the addition of Cadillac to the lawsuit at this time is appropriate for the reasons stated in Admiral's memorandum, but only if EBE is not prejudiced. While Admiral seeks to avoid injustice to it by adding Cadillac, Admiral's memorandum at p. 3, its request for relief even if the expert disclosure deadlines are not extended ignores the injustice to EBE that would follow from that result. It is for these reasons that EBE assents to the addition of Cadillac if the deadlines are extended but objects if they are not.

[1] The parties previously agreed to restructure the order of disclosure of experts (EBE will now make its disclosure first) in recognition of the parties' relative burdens with respect to the counterclaim. Requiring EBE to make its disclosure in the revised order before it has had a full opportunity to discover relevant information from the proposed third-party plaintiff would undermine the reasons for the prior agreement of the parties and would be fundamentally unfair.

## Conclusion

For the forgoing reasons, EBE respectfully requests that the Court extend the deadlines for expert disclosures to December 1, 2008 for EBE and to January 1, 2009 for Admiral with expert depositions to be conducted between January 1, 2009 and February 1, 2009; and, grant Admiral's motion for leave to add Cadillac as a third-party defendant. Alternatively, if the Court denies the request for extension of expert disclosure deadlines, EBE respectfully requests that the Court deny Admiral's motion for leave to add Cadillac as a third-party defendant.

Respectfully submitted,

EVER BETTER EATING, INC.

By Its Attorneys
GALLAGHER, CALLAHAN & GARTRELL
Professional Corporation

Dated: April 21, 2008

By: /s/ David A. Garfunkel
David A. Garfunkel, Esq. (N.H. #900)
P.O. Box 1415
Concord, NH 03302-1415
(603) 228-1181

And

MILLER, SCOTT & HOLBROOK

Dated: April 21, 2008

By: /s/ Francis S. Holbrook, II
Francis S. Holbrook II, Esq. (#3412)
Miller, Scott & Holbrook
122 Touro Street
Newport, R.I. 02840
401-847-7500
Local Counsel

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this day, via ECF, upon Douglas J. Emanuel, Esq., Michael D. Ramsdell, Esq. and Keith B. Kyle, Esq.

Dated: April 21, 2008

By: __/s/ David A. Garfunkel______________
David A. Garfunkel, Esq.